■ HARRY TOPP, Appellant, v. CASCO PRODUCTS CORP., Respondent.— In a negligence action, plaintiff appeals from an order of the Supreme Court, Kings County, dated September 12, 1960, which granted defendant's motion to dismiss the complaint pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice, on the ground that the cause of action did not accrue within the time limited by law. Order reversed, with $10 costs and disbursements, and motion to dismiss complaint denied. It appears that defendant is a foreign corporation and that since the accrual of the action against it, defendant has not made a designation or appointment of a person or party upon whom a summons in an action might be served within this State; nor was the defendant doing business within this State to such an extent as to be amenable to service of process upon one of its officers or managing agents available for such service within this State. Under such circumstances, the Statute of Limitations

is not available to defendant (Civ. Prac. Act, § 19; *Olcott* v. *Tioga R. R. Co.,* 20 N. Y. 210; *Comey* v. *United Sur. Co.,* 217 N. Y. 268, 272–273). In our opinion, the fact that the defendant appeared generally and answered in a prior action for the same cause after the issuance therein of a warrant of attachment (and which prior action, after a lapse of four years, was dismissed for plaintiff's failure to diligently prosecute it), does not constitute an exception to the general rule prescribed by section 19 of the Civil Practice Act (cf. *Chapin* v. *Posner,* 299 N. Y. 31; *Perlak* v. *Goodyear Tire & Rubber Co.,* 140 N. Y. S. 2d 675). Section 23 of the Civil Practice Act, invoked by defendant, has no application to the situation at bar since the said prior action was dismissed for lack of prosecution. Such dismissal not having been on the merits and the present action not being barred by the Statute of Limitations, the present action was properly instituted (*Gundershein* v. *Bradley-Mahony Coal Corp.,* 295 N. Y. 539). Defendant is granted leave, within 20 days after entry of the order hereon, to serve its answer. Nolan, P. J., Kleinfeld and Brennan, JJ., concur; Ughetta and Christ, JJ., dissent and vote to affirm.