Hyman Korn, J.
By notice dated November 13, 19-64 the defendants, other than the defendant Dairymen’s League Cooperative Association, Inc., move for dismissal of the complaint upon the ground that the court has not jurisdiction of the subject matter and the complaint is legally insufficient. By notice of November 30, 1964, defendant Dairymen’s moves for dismissal of the complaint as to it upon the ground that it fails to state a cause of action. By further notice of March 8, 1965 the defendants, other than the defendant Dairymen’s, move for dismissal on the ground that a prior action is pending, and the prior complaint between the same parties was dismissed pursuant to CPLR 3211 (subd. [a], par. 7) and leave to replead was neither requested nor granted. The motions are considered together.
It may be noted preliminarily that a final order of dismissal of a complaint for insufficiency does not preclude another action upon the same transaction merely because there was no compliance with CPLR 3211 (subd. [e]) and leave to replead was not granted. The second action is maintainable if the complaint is good. The complaint in this action is by no means similar to the complaint in the first action and it is good. The prior action it is said, is pending because an appeal has been taken from the order of dismissal. However, leave has been granted to withdraw that appeal and therefore the prior action is not now pending.
*428 There remains the question of jurisdiction. Plaintiff charges ■ that the defendant union and the defendant employer failed and refused to abide by the seniority provisions of the collective bargaining agreement existing between them and that the union defaulted in its duty to plaintiff in that it failed fairly to represent him. It is alleged, in addition, that the employer and the union deceived the plaintiff concerning his job and security rights and conspired to deprive the plaintiff of his employment rights and prevented him from procuring a full and fair hearing before the defendant union and its joint council. (See Madden v. Atkins, 4 N Y 2d 283.) In addition, it appears clearly that all appeal procedures have been denied to the plaintiff. Apparently he was remitted to action with the local union only, and presumably through machinery provided in the collective bargaining agreements between the defendants. In any event the action is cognizable and the court has jurisdiction. (Hiller v. Liquor Salesmen’s Union Local No. 2, 338 F. 2d 778.) It is controlling. There, too, the defendants were employer and union. They had moved to stay proceedings in the action contending that plaintiff was limited to enforcement of arbitration procedure. It was there alleged that the deceased had been unlawfully discharged with the knowledge and consent of the union of which plaintiff was a member in good standing. He was thereby deprived of stated benefits which were his due if the collective bargaining agreement had been enforced. Other injuries are alleged which the employer had caused plaintiff to suffer with the union’s knowledge and consent, all in violation of the collective bargaining agreement. It was held there, that stay of proceedings granted below was error. In addition, the court stated (p. 779): “However inartistieally stated, the amended complaint seeks to set forth a claim based upon denial by the Union of the right of fair representation. See Syres v. Oil Workers Int’l Union, 350 U. S. 892, * * * reversing per curiam 223 F. 2d 739 (5th Cir. 1955); Brotherhood of Railroad Trainmen v. Howard, 343 U. S. 768 * * * (1952); Tunstall v. Brotherhood of Locomotive Firemen, 323 U. S. 210 * * * (1944); Steele v. Louisville & N. R.R., 323 U. S. 192 * * * (1944); cf. Ford Motor Co. v. Huffman, 345 U. S. 330, 337 * * * (1953). When, as is alleged here an employer joins with the union to defraud the employee of his rights, both union and employer are liable. See Ford Motor Co. v. Huffman, supra; Steele v. Louisville & N. R.R., supra; Richardson v. Texas & N. O. R.R., 242 F. 2d 230 (5th Cir. 1957); Central of Georgia Ry. v. Jones, 229 F. 2d 648 (5th Cir.), cert. denied, 352 U. S. 848 * * * (1956).” It is only when the *429 charge is a simple claim of wrongful discharge, the court stated, that there must be resort to arbitration or action against the union for failure of fair representation. (See Ford Motor Co. v. Huffman, 345 U. S. 330.) Continuing the court declared (p. 779): “But where the employee’s case is based upon a conspiracy between his union and his employer to deprive him of his rights he cannot be forced to submit that issue to an arbitration between the employer and the union.” Consequently, plaintiff may resort to plenary action and need not resort to filing of an unfair labor practice complaint. This is the clear holding in Smith v. Evening News Assn. (371 U. S. 195, 197-198), where the court stated: “ In Lucas Flour as well as in Atkinson the Court expressly refused to apply the pre-emption doctrine of the Garmon case; and we likewise reject that doctrine here where the alleged conduct of the employer, not only arguably, but concededly, is an unfair labor practice within the jurisdiction of the National Labor Relations Board. The authority of the Board to deal with an unfair labor practice which also violates a collective bargaining contract is not displaced by § 301 [of the Labor Management Relations Act of 1947; U. S. Code, tit. 29, § 185], but it is not exclusive and does not destroy the jurisdiction of the courts under § 301. If, as respondent strongly urges, there are situations in which serious problems will arise from both the courts and the Board having jurisdiction over acts which amount to an unfair labor practice, we shall face those cases when they arise. This is not one of them in our view, and the National Labor Relations Board is in accord.” There, too, the employee’s suit was against the employer and based on a collective bargaining agreement. The fact that the agreement there had no provision for arbitration is of no consequence in this context.
Accordingly, plaintiff is entitled to maintain this action upon the basis as to the employer of the alleged conspiracy and against the union because of alleged futility of appeal and the presence of unfair representation. In these circumstances, too, upon proof of the allegations, liability is imposable on the union without suit against all the members. The conspiracy and wrong arises directly out of duty and performance in breach thereof. (See Madden v. Atkins, 4 N Y 2d 283, supra.)
The motions are denied in all respects.