■ Lori A. Franckowiak, Respondent, v East Greenbush Central School District, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered March 13, 1978 in Rensselaer County, which granted plaintiff's motion to strike from defendant's answer the affirmative defense of a prior judgment dismissing the complaint, and denied defendant's cross motion for leave to amend its answer to assert the affirmative defense of a prior action pending for the same relief. On October 30, 1973 plaintiff, then 15 years of age, was injured in an accident at Columbia High School. A notice of claim was duly served on the defendant and an action was timely commenced on plaintiff's behalf by her mother. However, on January 30, 1976, an order was entered granting defendant's motion to dismiss the action due to the failure of the complaint to allege compliance with the notice of claim provisions of section 50-e of the General Municipal Law. A notice of appeal from this order was served and filed on February 2, 1976. The plaintiff attained her majority on October 5, 1976 and this action was commenced in her own name on October 5, 1977. The complaint in this action alleged compliance with section 50-e of the General Municipal Law. Defendant's answer alleged as an affirmative defense the dismissal of the prior action. Following plaintiff's motion to strike the affirmative defense, defendant cross-moved for leave to add the affirmative defense that another action for the same relief was still pending. Special Term granted plaintiff's motion and denied defendant's cross motion, and defendant appeals therefrom. The order entered January 30, 1976 which dismissed the complaint in the action by plaintiff's mother did not state that it was a dismissal on the merits. Since a dismissal not expressly declared to be on the merits does not

bar a subsequent action for the same cause (CPLR 5013; *Data-Guide, Inc. v American R. D. M. Corp.,* 18 AD2d 995), Special Term correctly granted the motion to strike the affirmative defense that the prior judgment of dismissal was a bar to this action. Special Term was also correct in denying defendant's cross motion. Although a notice of appeal was filed almost immediately after the order dismissing the mother's complaint was entered on January 30, 1976, no steps were ever taken to perfect the appeal. The rules of practice for this court state that an appeal shall be deemed to have been abandoned where the appellant fails to serve and file a record and brief within one year from the date of the order appealed from (22 NYCRR 800.12). Accordingly, since well over one year had elapsed since the order dismissing the mother's complaint was entered on January 30, 1976 without the appeal therefrom being perfected, it must be deemed to have been abandoned. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.