■ BARBARA DE RONDA, Individually and as Mother and Natural Guardian of ROY DE RONDA, an Infant, Appellant, v GREATER AMSTERDAM SCHOOL DISTRICT, Respondent. — Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered September 17, 1981 in Montgomery County, which granted defendant's motion to dismiss the complaint. Plaintiff's notice of claim against defendant school district, alleging that 12-year-old plaintiff Roy De Ronda was injured at school on October 16, 1978, was timely filed on January 11, 1979. Defendant responded with a notice for examination of plaintiff, pursuant to section 50-h of the General Municipal Law, to be held on February 27, 1979. The examination did not take place, however, apparently because plaintiff wished to amend her notice of claim as to some of the facts of the alleged injuries. An amended notice of claim was served in May, 1979, and on January 11, 1980 a summons and complaint were served. Defendant then brought a motion to dismiss the complaint on the ground that by failing to appear for the section 50-h examination, plaintiff had not performed a condition precedent to the commencement of the action. Special Term dismissed the mother's individual claim in an order entered June 12, 1980, and in a second order, entered August 6, 1980, conditionally dismissed the infant's claim unless within 45 days he was examined pursuant to section 50-h and then served a new summons and complaint within 20 days. Plaintiff filed notices of appeal from both orders, but failed to perfect either one. Plaintiff Roy De Ronda was examined by defendant on September 15, 1980, and a new summons and complaint were served on October 27, 1980, beyond the 20-day limit

of the August 6, 1980 order. Thereafter, defendant moved to dismiss this second complaint on the grounds that the action was barred by the prior orders of June 12 and August 6 and, alternatively, that the mother's individual action was barred by the Statute of Limitations. Special Term granted defendant's motion on the ground that the complaint was barred by the prior orders, and plaintiff has appealed. As to the action on behalf of Roy, the order entered August 6, 1980 dismissed the complaint unless (1) within 45 days Roy met the statutory condition precedent of an examination pursuant to section 50-h and (2) the action was recommenced within 20 days of the examination. It is uncontested that the statutory condition precedent was fulfilled when Roy was examined on September 15, 1980. Defendant contends that since the second requirement, that the action be recommenced within 20 days of the examination, was not met and the August 6 order containing this condition was not appealed, the 20-day recommencement requirement must be given *res judicata* effect. Clearly there, Special Term's original dismissal of the infant's cause of action was not on the merits of the claim, but only for the failure to comply with the condition precedent of section 50-h. An order such as that now under consideration dismissing an action on a ground not involving the merits does not bar commencement of a new action, but is *res judicata* of only that which it actually determines (*175 East 74th Corp. v Hartford Acc. & Ind. Co.,* 51 NY2d 585, 590, n 1; *Gengarelly v Glen Cove Urban Renewal Agency,* 69 AD2d 524, 525; *Topp v Casco Prods. Corp.,* 13 AD2d 811, 812, affd 10 NY2d 833; Siegel, New York Practice, § 276, pp 332-333; § 445, p 590). Furthermore, to be entitled to *res judicata* effect, a determination must be material and relevant to the resolution of the legal issue involved; a gratuitous determination will not receive *res judicata* treatment (*Silberstein v Silberstein,* 218 NY 525; Siegel, New York Practice, § 465, p 615). The legal issue involved in the August 6 order was the statutory condition precedent of the section 50-h examination. Not only was the requirement that the second action be commenced within 20 days of the examination neither material nor relevant to resolution of that issue, but such a requirement would in effect shorten the Statute of Limitations applicable to plaintiff Roy De Ronda under the toll for infancy provided by CPLR 208, which has been specifically held applicable to actions against municipalities (see *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 263; *La Fave v Town of Franklin,* 20 AD2d 738). Clearly, Special Term neither could have nor did decide anything which thus eliminated CPLR 208 and shortened the Statute of Limitations applicable to plaintiff Roy De Ronda. The 20-day requirement was merely gratuitous and nonessential to the order and thus has no *res judicata* effect (see *Silberstein v Silberstein, supra*). Therefore, since Roy fulfilled the examination condition and the action was recommenced well within the period of the toll for his infancy under CPLR 208, the action on his behalf was improperly dismissed. The dismissal of plaintiff Barbara De Ronda's individual action for failure to perform a condition precedent to the commencement of the action was also erroneous. As stated above, an order dismissing an action is *res judicata* of only whatever it actually decides; it will not preclude a new action which meets and overcomes the particular objection (*Franckowiak v East Greenbush Cent. School Dist.,* 67 AD2d 1035; Siegel, New York Practice, § 276, pp 332-333; § 445, p 590; see, also, *Addeo v Dairymen's League Coop. Assn.,* 47 Misc 2d 426, 427). Plaintiff Barbara De Ronda's action was dismissed solely for failure to comply with the condition precedent of the section 50-h examination. Thereafter, she complied with the examination and recommenced the action. Dismissal for failure to fulfill a condition precedent is not a final judgment on the merits, and, therefore, a six-month extension of the time limit is available under CPLR 205

(subd [a]) (*Copeland v Salomon*, 56 NY2d 222, 227; *Carrick v Central Gen. Hosp.*, 51 NY2d 242, 251-252; *Buchholz v United States Fire Ins. Co.*, 269 App Div 49, app dsmd 294 NY 807). Since plaintiff Barbara De Ronda corrected the omission of the examination and recommenced the action within the time limit as extended by CPLR 205 (subd [a]), her claim is not barred and may be decided on the merits. Nor is the result altered because plaintiff's appeal from the original orders of dismissal was likewise dismissed for failure to prosecute. Although the dismissal of an appeal from an intermediate order is conclusive of the merits of the issues involved on that appeal under *Bray v Cox* (38 NY2d 350), the Court of Appeals has subsequently construed *Bray* as not precluding the application of traditional *res-judicata* principles merely because of the dismissal of an earlier appeal (*Matter of John P. v Whalen*, 54 NY2d 89, 94, 94-95, n 1). As in *Matter of John P.*, we have here a new claim based upon additional facts, i.e., compliance with the statutory requirements of section 50-h. Even if *Bray* were directly applicable, however, under the circumstances presented as to the infant's claim here, we would exercise our discretion to review Special Term's restriction on the infant's commencement of a subsequent action despite dismissal of the prior appeal from that order (see *Aridas v Caserta*, 41 NY2d 1059, 1061). Order reversed, on the law and the facts, without costs, and motion to dismiss complaint denied. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.