■ APRIL M. SECOR, Respondent, v TOWN OF ORANGETOWN et al., Appellants. [672 NYS2d 392] —In an action, *inter alia,* to

recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Rockland County (Sherwood, J.), dated April 14, 1997, which denied their motion to dismiss the complaint, and (2) an order of the same court, dated July 7, 1997, which denied their motion for reargument.

Ordered that the appeal from the order dated July 7, 1997, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated April 14, 1997, is reversed, on the law, without costs or disbursements, and the defendants' motion to dismiss the complaint is granted without prejudice to the plaintiff serving a new complaint upon complying with General Municipal Law § 50-h (1).

The defendant Town of Orangetown (hereinafter the Town) demanded an examination pursuant to General Municipal Law § 50-h (1) on October 16, 1996, which was within 30 days of service of the notice of claim. At the request of the Town's attorney, the first examination was adjourned, and the Town's attorney thereafter was unable to appear on the second confirmed date of December 13, 1996. When the Town offered to reschedule a date for examination, the plaintiff's attorney refused, claiming that the Town, by failing to appear at the scheduled examination, waived its right to conduct an examination. The plaintiff commenced this action on December 26, 1996. The defendants moved to dismiss the complaint.

The defendants' motion to dismiss the complaint should have been granted. Once a demand for examination has been served, no action shall be commenced unless the claimant has complied with the demand for examination or an examination has not been held during the 90-day period after service of the demand due to the fault of the municipality (see, General Municipal Law § 50-h [5]; *Alouette Fashions v Consolidated Edison Co.,* 119 AD2d 481, 484-485, *affd* 69 NY2d 787). Since the plaintiff commenced this action before the 90-day period had expired, the complaint should have been dismissed. Although the one-year-and-ninety-day limitation period of General Municipal Law § 50-i has now passed, the plaintiff is not precluded from recommencing her action (see, CPLR 205 [a]; *Andujar v New York City Hous. Auth.,* 226 AD2d 657; *Schrader v Town of Orangetown,* 226 AD2d 620). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.