OPINION OF THE COURT
Raymond E. Cornelius, J.
Based upon a motion argued on June 24, 1999, this court previously granted summary judgment in favor of the Sear-Brown Group, formerly known as Sear-Brown Associates, P. C. *365 (Sear-Brown), in regard to plaintiffs’ claims, as set forth in the complaint. The plaintiff, Reginald Rogan, sustained an injury on July 18, 1994, while working on an underground irrigation system located at Hobart &' William Smith Colleges. A number of different entities, including some of the defendants named in the complaint, had been involved in the original project, which included installation of the system. Sear-Brown had completed the design drawings, and therefore, its part of the project, as of February 1987. Further, it would appear that the irrigation system, itself, had been completed before July 10, 1987.
This action was commenced by filing the summons and complaint on July 10, 1997, which would have been more than 10 years beyond any negligent act committed by Sear-Brown. The basis for granting summary judgment, in favor of this defendant, was CPLR 214-d (1), which, in relevant part, provides as follows: “Any person asserting a claim for personal injury * * * against a licensed architect, engineer * * * which is based upon the professional performance, conduct or omission by such licensed architect, engineer * * * occurring more than ten years prior to the date of such claim, shall give written notice of such claim to each such architect, engineer * * * at least ninety days before the commencement of any action or proceeding against such licensed architect, engineer.” Plaintiffs acknowledged that written notice, as required by the statute, was not given prior to the commencement of the action. Accordingly, the court granted the motion of Sear-Brown, because of the failure to comply with this condition precedent.
The plaintiffs have now made a motion for reargument of the previous summary judgment motion. Counsel takes the same position, as previously advanced at the argument of the original summary judgment motion, and contends that the reference to “such claim,” contained in the statute, refers to the date of injury. Therefore, in the pending case, because the injury occurred to the plaintiff within 10 years of the act of alleged negligence, and notwithstanding the fact that the action was commenced beyond such 10-year period, there would be no requirement of a 90-day notice of claim. In addition, the court’s attention has now been directed to the provisions of CPLR 214-d (6), which, in relevant part, provides as follows: “No claim for personal injury, or wrongful death or property damage, or a cross or third-party claim for contribution or indemnification arising out of an action for personal injury, wrongful death or property damage may be asserted against a licensed architect, engineer, land surveyor or landscape *366 architect or such firm arising out of conduct by such licensed architect, engineer, land surveyor or landscape architect or such firm occurring more than ten years prior to the accrual of such claim shall be commenced or interposed against any such licensed architect, engineer, land surveyor or landscape architect or such firm unless it shall appear by and as an allegation in the complaint or necessary moving papers that the claimant has complied with the requirements of this section.” Counsel contends that the use of the word “accrual,” in subdivision (6), lends support to their position that the 10-year time period, for purposes of the notice requirement under subdivision (1), should be measured from the date of the injury. Generally, an action to recover damages for negligence accrues upon the date of an injury. (See, e.g., Brooklyn Union Gas Co. v Hunter Turbo Corp., 241 AD2d 505 [2d Dept 1997].)
In this court’s opinion, it is unnecessary to determine whether or not use of the word “accrual,” in CPLR 214-d (6), encompasses not only an injury but also proof of compliance with any condition precedent, or is simply an example of somewhat careless legislative draftsmanship. Also, in the court’s opinion, the reference to “accrual” in the decision of Dorst v Eggers Partnership (265 AD2d 294 [2d Dept 1999]), cited by plaintiffs, does not establish that the date of injury is the critical date for purposes of determining the applicability of the notice of claim requirement. The purpose for enacting CPLR 214-d may be clearly ascertained from its legislative history. This statute has been described as a “unique form of ‘tort reform’ legislation,” and attempted to address the problem of exposing architects or engineers to liability long after completion of a project. (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 214-d, 1999 Pocket Part, at 247.) Thus, the intent of CPLR 214-d was to provide “ ‘an expedited procedural device to quickly dispose of cases brought against a design professional more than ten years after completion that lack a basis in substantial evidence.’ ” (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 214-d, 1999 Pocket Part, at 248, quoting Mem of Senate in Support, 1996 McKinney’s Session Laws of NY, at 2614.)
It would appear that the purpose was hoped to be accomplished by giving the architect or engineer notice at the earliest possible time in order to permit discovery, and the possible early determination of the case on its merits. In a fact situation similar to the pending case, namely, an injury occurring *367 within. 10 years after the alleged negligent act, but the action commenced beyond such 10-year period, the interpretation proposed by plaintiffs would defeat the intent of the statute. For example, under this interpretation, notice would not be required if an injury occurred a day short of 10 years from the date of the alleged negligent act, and therefore a defendant would have no knowledge of such claim for almost 13 years if the claimant waited until the end of the Statute of Limitations to commence the lawsuit. It should be emphasized that, under the statute, the 90-day notice requirement relates to the date of commencement, and not the date of injury.
Finally, counsel for the plaintiffs requests that the court determine whether or not they may recommence the action within six months, following dismissal, upon proof of compliance with the notice requirement, pursuant to the tolling provisions of CPLR 205 (a), which, in relevant part, reads as follows: “If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action * * * within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action.” Counsel for the plaintiffs relies upon case law, wherein the courts have applied the six-month tolling provisions of CPLR 205 (a), notwithstanding the fact that the first action was dismissed for the failure of the claimants to comply with some legal obligation, which may be considered a condition precedent. (See, e.g., Matter of Morris Investors v Commissioner of Fin. of City of N. Y., 69 NY2d 933 [1987]; Carrick v Central Gen. Hosp., 51 NY2d 242 [1980]; Secor v Town of Orangetown, 250 AD2d 588 [2d Dept 1998]; Kowalski v County of Erie, 170 AD2d 950 [4th Dept 1991], lv denied 78 NY2d 851 [1991]; Fleming v Long Is. R. R., 130 AD2d 59 [2d Dept 1987], affd 72 NY2d 998 [1988]; De Ronda v Greater Amsterdam School Dist., 91 AD2d 1088 [3d Dept 1983].) There are other decisions, however, in which the provisions of CPLR 205 (a) have been held inapplicable where the first action was dismissed because of the failure to comply with a condition precedent, as distinguished from the time limits imposed by a Statute of Limitations. (See, e.g., Bernardez v Federal Deposit Ins. Corp., 104 AD2d 309 [1st Dept 1984], affd 64 NY2d 943 [1985]; Glamm v City of Amsterdam, 67 AD2d 1056 [3d Dept 1979], affd 49 NY2d 714 [1980], rearg denied 49 NY2d 918 [1980].)
*368 In a relatively recent decision, the New York Court of Appeals held that the statutory requirement that an action be commenced against the Port Authority within one year of accrual constituted a condition precedent and not a Statute of Limitations, and therefore CPLR 205 (a) could not toll this time requirement in order to permit plaintiffs to recommence the action within six months after dismissal of the first cause of action. (Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 93 NY2d 375 [1999].) It is interesting that the Court cited Matter of Morris Investors v Commissioner of Fin. of City of N. Y. (supra), and also distinguished Fleming v Long Is. R. R. (supra), upon which plaintiffs, in the pending case, place reliance, as a case involving a Statute of Limitations, and not a condition precedent.
An argument could be made that CPLR 205 (a) is only applicable in situations where the condition precedent requires that the lawsuit be commenced within a certain period of time, as compared, for example, to a condition precedent which simply requires the giving of notice. Indeed, there is language contained in Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp. (supra) to support such a position. The Court emphasized that, at common law, the Port Authority would have enjoyed sovereign immunity, but by enactment of the statute, the State not only consented to actions being brought against the Port Authority, but also expressly incorporated a requirement of a timely lawsuit as an integral part of the waiver of sovereign immunity. In relevant part, the Court stated that “Where a statute both ‘creates a cause of action and attaches a time limit to its commencement, the time is an ingredient of the cause’ ” (at 379, quoting Romano v Romano, 19 NY2d 444, 447). Further, the Court observed that “[i]n such situations, ‘the limitation of time is so incorporated with the remedy given as to make it an integral part of it, and the condition precedent to the maintenance of the action at all’ ” (Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., at 379, quoting Hill v Board of Supervisors, 119 NY 344, 347).
There is other language contained in Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp. (supra), however, which would suggest that the condition precedent, relevant to the pending case, may be the type which cannot be tolled by the provisions of CPLR 205 (a). For example, the Court stated as follows: “Case law distinguishes between a Statute of Limitations and a statutory time restriction on commencement of suit. The former merely suspends the remedy provided by a right of action, *369 but the latter conditions the existence of a right of action, thereby creating a substantive limitation on the right * * * Both CPLR 205 (a) and its equivalent predecessor statutes have been held to be inapplicable when the statutory time bar to the commencement of the second action falls into the latter category, as a condition precedent.” (Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., at 378.)
Under the provisions of CPLR 214-d, a plaintiff is required to allege, in the complaint, compliance with the notice requirement, and further, provision is made for dismissal, under CPLR 3211 or 3212, in the event plaintiff has failed to comply with the notice of claim requirement.
Nothwithstanding the foregoing discussion, it should be emphasized that this is a motion for reargument. Accordingly, the court is not required to address the issue of whether or not plaintiffs may recommence the lawsuit, pursuant to the tolling provisions of CPLR 205 (a).
Based upon the foregoing reasons, it is hereby ordered that the motion for reargument is hereby denied.