OPINION OF THE COURT
Joseph W. Latham, J.
The plaintiff moves for an order consolidating two pending actions. The defendant, Stetson-Dale, also known as Stetson-Dale Harza, cross-moves for an order dismissing the plaintiff’s action on Statute of Limitations grounds.
Statute of Limitations
The defendant, Stetson-Dale (Stetson), contends that the plaintiff’s cause of action against it should be dismissed due to the expiration of the applicable Statute of Limitations. There is no dispute that the present cause of action (index No. 81423) was commenced against the defendant many months after the expiration of the Statute of Limitations. However, the plaintiff contends that pursuant to the provisions of CPLR 205 (a) the defendant cannot raise the limitations defense because the same cause of action was asserted in a previously dismissed action (index No. 75995) that had been commenced before the expiration of the limitation period. The present action was commenced within six months of the termination of the first action.
CPLR 205 (a) reads as follows:
“If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions, or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.”
In the earlier action Kretschmann v Board of Educ. (184 Misc 2d 535 [Sup Ct, Steuben County 2000]), the plaintiff’s complaint against the defendant, Stetson-Dale, was dismissed *248 based on plaintiffs failure to comply with the requirements of CPLR 214-d. At that time the court declined to rule on the issue of whether or not the plaintiff could viably recommence an action against defendant Stetson pursuant to the provisions of CPLR 205 (a). The parties agree that the present action (index No. 81423) is based upon the same transaction and occurrence that was the subject of the earlier action. There is no serious dispute that any of the four statutory reasons for termination (i.e., voluntary discontinuance, lack of personal jurisdiction, failure to prosecute, or a determination on the merits) were the basis for the dismissal of the prior action. CPLR 205 (a) would appear to be controlling, except for the parties’ unresolved dispute over whether or not the first action was timely commenced.
CPLR 205 (a) begins with the words “If an action is timely commenced.” The court must détermine what those words mean in the context of that first action, and whether it was “timely commenced.” The plaintiff alleges, and the court agrees, that the first action was brought before the expiration of the Statute of Limitations. In that sense, it was timely commenced. The defendant alleges that the notice requirement of CPLR 214-d is a condition precedent to the proper commencement of an action, and that consequently no action was validly commenced against defendant Stetson. CPLR 214-d (1) states in relevant part that
“Any person asserting a claim * * * against a licensed architect * * * shall give written notice of such claim to each such architect * * * at least ninety days before the commencement of any action or proceeding against such licensed architect.”
The defendant contends that although a summons and complaint were served, and although some discovery was conducted, no action was “commenced,” because the condition precedent was not satisfied, and compliance with said condition was not asserted in the complaint.
The court is not aware of any reported decisions directly on point, and must consider how CPLR 205 (a) has been interpreted as affecting other statutes which require the giving of advanced notice before commencing a particular type of action. Judge Cornelius in Rogan v Sear-Brown Group (183 Misc 2d 364 [Sup Ct, Monroe County 2000]) analyzes cases which have granted relief under CPLR 205 (a) as well as others which have not. Judge Cornelius does not address the ultimate questions before this court: that of whether failure to comply with *249 CPLR 214-d is fatal to the plaintiffs present action, or if the plaintiff is saved because the present action, pursuant to CPLR 205 (a), was commenced within six months of the dismissal of a timely commenced first action.
In Fleming v Long Is. R. R. (72 NY2d 998 [1988]) the Court ruled that CPLR 205 (a) was available to a plaintiff who had previously failed to comply with demand provisions of Public Authorities Law § 1276 (1). Public Authorities Law § 1276 (1) is similar to CPLR 214-d in that it requires a plaintiff both to have made a “demand” prior to bringing the action, and to also allege in the complaint that the demand has been made. That Court found that the prior service of the summons and complaint constituted an action timely commenced, even though the plaintiff had neither made the demand nor alleged in the complaint compliance with the requirements of Public Authorities Law § 1276 (1).
In Carrick v Central Gen. Hosp. (51 NY2d 242 [1980]) the Court examined the interplay between EPTL 5-4.1 and CPLR 205 (a). That plaintiff had commenced a wrongful death action before an administratrix was appointed. Finding that the appointment of the administratrix was a necessary precondition before the action could be commenced, the first action was dismissed. The defendant sought to dismiss the second action based on the Statute of Limitations which had expired between the dates the two actions were commenced. The defendant contended there was no timely commencement of the first action. That Court held “ ‘While the relation-back provisions of CPLR 203 are dependent on the existence of a valid preexisting action, CPLR 205 (subd [a]) was created to serve in those cases in which the prior action was defective and so had to be dismissed’ (George v Mt. Sinai Hosp., [47 NY2d 170], at pp 179-180).” (Carrick v Central Gen. Hosp., supra, at 248-249.)
In Matter of Morris Investors v Commissioner of Fin. of City of N. Y. (69 NY2d 933, 935-936 [1987]) the Court observed that “CPLR 205 (a), a remedial provision protecting the right of litigants who have given timely notice of the assertion of their claims, ‘has its roots in the distant past’ [citation omitted]; ‘[its] broad and liberal purpose is not to be frittered away by any narrow construction.’ [Citation omitted.] Here, petitioners’ first suit was actually ‘commenced’ (CPLR 304) by service of process upon respondent; that service was made within the four-month limitations period specified by Administrative Code § II46-7.0 (see also, CPLR 217). Thus, the proceeding was *250 ‘timely commenced’ against respondent within the meaning of CPLR 205 (a). That the first proceeding may have been defective for failure to deposit the tax or post a bond does not put it beyond the saving provision of CPLR 205 (a). The statute by its very terms comes into operation in instances where a proceeding has been terminated for some fatal flaw unrelated to the merits of the underlying claim [citation omitted] and it is to be liberally construed.”
In a more recent case, certain plaintiffs who initially failed to comply with the demand requirements of General Municipal Law § 50-h (5) were permitted to commence a second action according to the provisions of CPLR 205 (a). (See, Secor v Town of Orangetown, 250 AD2d 588 [2d Dept 1998]; Kowalski v County of Erie, 170 AD2d 950 [4th Dept 1991]; De Ronda v Greater Amsterdam School Dist., 91 AD2d 1088 [3d Dept 1983].)
In Rogan v Sear-Brown Group (supra) that court cited three cases where a plaintiff was not permitted pursuant to CPLR 205 (a) to recommence a second action after the expiration of the Statute of Limitations. They seem to fit into two main categories.
A divided Court in Bernardez v Federal Deposit Ins. Corp. (104 AD2d 309, 310 [1st Dept 1984]) found the failure to comply with the condition precedent requirements of Banking Law § 625 (3) was fatal and stated: “Finally, the courts have held, even where constructive notice is received within the applicable time period, that a failure to comply with a condition precedent is fatal.” However, one distinguishing characteristic of that case was that the first action was commenced in Federal court while the second action was commenced in State court. Likewise in Glamm v City of Amsterdam (67 AD2d 1056 [3d Dept 1979]) the Court did not permit relation back under CPLR 205 (a) where the two actions were commenced in different forums. In Glamm (supra) the first action was brought in workers’ compensation court and only after that action was dismissed was a second action commenced in Supreme Court. That plaintiff claimed that the effect of the Statute of Limitations under General Municipal Law § 50-e was tolled by the commencement of the first action, but the Court disagreed.
The third case cited in Rogan v Sear-Brown Group (supra) was Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp. (93 NY2d 375 [1999]).
“The sole issue is whether [Unconsolidated Laws] section 7107’s requirement that actions be commenced within one year *251 of accrual may be overcome pursuant to CPLR 205 (a) because the action was commenced within six months of the final dismissal of a previous action involving the identical claim.
“The parties agree that the instant action is based upon the same series of transactions and occurrences giving rise to a disputed claim for damages by plaintiff as general contractor on a construction project of defendant Port Authority, undertaken between 1988 and 1990 (see, Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 208 AD2d 63, affd 87 NY2d 927). The previous action, commenced in 1990, was undisputably timely. It was dismissed because plaintiff failed to comply with a condition precedent in the construction contract’s alternative dispute resolution provision requiring it to plead that it had submitted the disputed claim to the project’s Chief Engineer for resolution before instituting litigation.” (Yonkers Contr. Co. v Port Auth. Trans-Hudson, supra, at 377.)
In that case both the first and second actions were commenced in the same court. However, one distinguishing characteristic is noted: that being that the right to sue was created by statute and did not exist in common law. “The requirement to bring an action within one year under Unconsolidated Laws § 7107 is such a condition precedent to suit, which cannot be tolled under CPLR 205 (a). At common law, plaintiff would not have had a cause of action because the Port Authority enjoyed sovereign immunity.” (Yonkers Contr. Co. v Port Auth. Trans-Hudson, supra, at 378-379.) Since the Legislature created the right to sue, and in the same statute conditioned the right to sue on the happening of certain events, the Court reasoned that only if those events occurred would the provisions of CPLR 205 (a) be available to the plaintiff.
In summary, the courts have generally afforded plaintiffs broad leeway under CPLR 205 (a) to breathe vitality to an otherwise stale claim. The preferred disposition is to have a matter resolved on its merits. But, reinvigoration of the stale claim will generally be denied if the statute that requires advance notice or performance of a condition precedent is also the source of a right to sue not previously available, or when the second action is commenced in a forum different from the first forum.
This court finds that the defendant’s cross motion to dismiss the present action based on the Statute of Limitations must be denied. CPLR 214-d did not create a new cause of action, and the plaintiff commenced both the first and second causes of action in the same court.
*252 Consolidation of the Actions
Having found that the plaintiffs present action is viably asserted as a result of CPLR 205 (a), the court now must determine whether it is appropriate to consolidate the two actions (index No. 75995 and index No. 81423). The court finds that both actions involve the same factual set of circumstances, and no party has shown any reason why consolidation of the two actions should not be granted. The plaintiffs motion to consolidate the two actions is granted.
Now, therefore, upon due consideration of all papers and proceedings heretofore had herein, and after due deliberation, it is ordered, adjudged and decreed that the cross motion of the defendant, Stetson-Dale, also known as Stetson-Dale Harza, to dismiss the present action index No. 81423 be, and hereby is, denied; and it is further ordered, adjudged and decreed that the plaintiffs motion to consolidate both action index No. 75995 and action index No. 81423 be, and hereby is, granted.