OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiff-appellant, Yonkers Contracting Company, Inc., as prime contractor, entered into a multimillion dollar agreement with defendant-respondent Port Authority Trans-Hudson Corporation (PATH) to perform emergency tunnel ventilation and evacuation work in Jersey City, New Jersey. Paragraph 17 of the contract authorized PATH’S Chief Engineer "to decide all questions of any nature whatsoever arising out of, under, or in connection with * * * the Contract (including claims in the nature of breach of Contract or fraud or misrepresentation * * *).” Paragraph 17 continued: "In any action against PATH relating to any such question the Contractor must allege in
 
 *929
 
 [the] complaint and prove such submission [to the Chief Engineer], which shall be a condition precedent to any such action.”
 

 During construction of a slurry wall, a subcontractor encountered various delays and cost overruns, which Yonkers alleged were the result of PATH’S prior misrepresentations as to the actual subsurface conditions. When negotiations between the parties failed to resolve that disagreement, Yonkers, in June 1990, submitted a claim to PATH’S Chief Engineer pursuant to the provisions of paragraph 17. Before the Chief Engineer issued a preliminary report rejecting Yonkers’ claim, Yonkers in December 1990 commenced the instant lawsuit seeking costs and damages. PATH moved to dismiss the complaint on the ground that it failed to contain, as a condition precedent, the allegation that Yonkers’ claim had been submitted for decision by PATH’S Chief Engineer. Despite a letter from PATH urging it to amend its complaint to acknowledge the applicability of paragraph 17’s alternative dispute resolution (ADR) obligations, Yonkers, in what the Appellate Division characterized as "a calculated[,] tactical stance * * * to escape the bargained-for dispute resolution clause” (208 AD2d 63, 66), refused. Instead, Yonkers contended, as it does here, that because the contract’s ADR provision vested sole authority in a PATH employee to decide legal as well as factual questions without explicitly providing for any standard of judicial review, that provision violated public policy. Yonkers claimed it was thus entitled to a de nova review of the contractual controversy in a court of law.
 

 Relying on
 
 Westinghouse Elec. Corp. v New York City Tr. Auth.
 
 (82 NY2d 47), the Appellate Division reversed the trial court’s denial of defendant’s motion and dismissed the complaint, concluding that "were we to accept Yonkers’ argument we would * * * be condoning a practice by which experienced parties negotiate a lengthy and highly technical agreement, only to have one of its legal provisions ignored and undone” (208 AD2d 63, 68). This Court granted leave to appeal.
 

 As a general proposition, "parties to an arbitration contract are completely free to agree upon the identity of the arbitrators,” and New York courts have therefore regularly refused to disqualify arbitrators on grounds of conflict of interest or partiality "even in cases where the contract expressly designate[s] a
 
 single
 
 arbitrator * * * employed by one of the parties” (M
 
 atter of Astoria Med. Group [Health Ins. Plan],
 
 11 NY2d 128, 133, 136 [Fuld, J.] [emphasis in original]). In fact, on no
 
 *930
 
 fewer than five separate occasions over the past 30 years this Court has approved ADR agreements between private contractors and public authorities like defendant PATH
 
 (Tufano Contr. Corp. v Port of N. Y. Auth.,
 
 18 AD2d 1001,
 
 affd,
 
 13 NY2d 848;
 
 Ardsley Constr. Co. v Port Auth.,
 
 54 NY2d 876;
 
 Maross Constr. v Central N. Y. Regional Transp. Auth.,
 
 66 NY2d 341;
 
 Crimmins Contr. Co. v City of New York,
 
 74 NY2d 166;
 
 Westinghouse Elec. Corp. v New York City Tr. Auth.,
 
 82 NY2d 47).
 

 Three years ago, in
 
 Westinghouse,
 
 this Court'upheld a contractual clause authorizing an employee of defendant New York City Transit Authority to decide disputes under the contract on the ground that the employee’s decision was still subject to "some [form of] judicial review” (82 NY2d at 54). Given that paragraph 17 required Yonkers to allege submission of any unresolved claim to the Chief Engineer as a "condition precedent” to an action against PATH, a "natural and unstrained reading of its provisions indicates that both parties contemplated that the courts would have jurisdiction” to review the Chief Engineer’s decision
 
 (Crimmins Contr. Co. v Cayuga Constr. Co.,
 
 74 NY2d 166, 173 [construing ADR clause vesting engineer with authority to decide factual questions only]). Public policy, therefore, "has not been transgressed in this case”
 
 (Westinghouse,
 
 82 NY2d at 54).
 

 In view of our affirmance of the Appellate Division’s order dismissing the complaint with prejudice, we leave for another day the question whether the standard to be applied in reviewing factual and legal determinations made in accordance with an ADR clause like the one at issue here is that provided in CPLR article 75
 
 (Matter of Siegel,
 
 40 NY2d 687, 691), or some other standard
 
 (see, Tufano,
 
 18 AD2d at 1001). Though paragraph 17 omits any mention of the particular standard of review to be applied in reviewing the Chief Engineer’s decision
 
 (compare, Westinghouse,
 
 82 NY2d at 55), that omission alone does not render the ADR clause unenforceable as violative of New York’s public policy concerning the fair adjudication of disputes
 
 (Ardsley, supra).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, with costs, in a memorandum.