■ SKANSKA TUNNELING, INC., Appellant, v CITY OF NEW YORK, Respondent. [669 NYS2d 212] —Order, Supreme Court, New York County (Jane Solomon, J.), entered June 25, 1997, which, in an action seeking to recover increased costs under the changed conditions provisions of a municipal contract, upon the parties' respective motions for summary judgment, *inter alia*, declared in defendant City's favor that the dispute resolution procedures set forth in 9 RCNY 7-05, incorporated into the contract, are not illegal and that plaintiff contractor's changed conditions claim is subject to such dispute resolution procedures, unanimously affirmed, without costs.

Dispute resolution procedures like those challenged herein, which vest authority to decide disputes such as claims of cost overruns in an employee or designee of the municipality, have been repeatedly held by the Court of Appeals not to be violative of any public policy concerning the fair adjudication of such disputes (*e.g.*, NY City Charter § 311 [b] [7]), at least where, as here, the claim is raised after the fact by a contractor who has retained the benefit of the rest of the contract, and provided there is, as here, some independent review mechanism sufficient to satisfy minimum review standards such as those under CPLR articles 75 or 78 (*see, Westinghouse Elec. Corp. v New York City Tr. Auth.*, 82 NY2d 47; *Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.*, 87 NY2d 927; *Maross Constr. v Central N. Y. Regional Transp. Auth.*, 66 NY2d 341). Furthermore, for the reasons stated by the IAS Court, the dispute herein, which involves a claim of unanticipated subsurface conditions and a consequent need for extra work, is

within the scope of 9 RCNY 7-05 (a). Concur—Milonas, J. P., Williams, Mazzarelli and Andrias, JJ.