OPINION OF THE COURT
Levine, J.
Plaintiff appeals from an order of the Appellate Division affirming the dismissal of this action against defendant, a wholly-owned subsidiary of the Port Authority of New York and New Jersey (Port Authority) because the action was not filed within the time constraints for commencement of suits against the Port Authority (see, McKinney’s Uncons Laws of NY § 7107 [L 1950, ch 301, § 7]). The sole issue is whether section 7107’s requirement that actions be commenced within one year of accrual may be overcome pursuant to CPLR 205 (a) because the action was commenced within six months of the final dismissal of a previous action involving the identical claim.
The parties agree that the instant action is based upon the same series of transactions and occurrences giving rise to a disputed claim for damages by plaintiff as general contractor on a construction project of defendant Port Authority, undertaken between 1988 and 1990 (see, Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 208 AD2d 63, affd 87 NY2d 927). The previous action, commenced in 1990, was undisputably timely. It was dismissed because plaintiff failed to comply with a condition precedent in the construction contract’s alternative dispute resolution provision requiring it to plead that it had *378 submitted the disputed claim to the project’s Chief Engineer for resolution before instituting litigation (208 AD2d, at 65). In response to the motion to dismiss, plaintiff asserted only that the alternative dispute resolution provision was void as against public policy. The Appellate Division rejected plaintiff’s public policy contention, granted defendant’s motion and dismissed the complaint “with prejudice” (id., at 66-68).
 This second action was commenced on August 1, 1996, less than six months after our decision on February 8, 1996, affirming the dismissal of the first case, but more than one year after the cause of action accrued. This time, plaintiff complied with the requirement to allege submission of the controversy to the Chief Engineer, but plaintiff now challenges the Chief Engineer’s decision as infected by fraud or bad faith. Defendant moved to dismiss the present action on the ground that it was commenced well beyond the one-year requirement of section 7107. Both Supreme Court and the Appellate Division (248 AD2d 463) held that the toll of CPLR 205 (a), which may extend a Statute of Limitations, could not obviate the requirements of a statutory condition precedent to suit. We agree and also hold that this second action should be dismissed because the first one was dismissed “upon the merits” (CPLR 205 [a]). Therefore, we affirm.
Case law distinguishes between a Statute of Limitations and a statutory time restriction on commencement of suit. The former merely suspends the remedy provided by a right of action, but the latter conditions the existence of a right of action, thereby creating a substantive limitation on the right (see, Tanges v Heidelberg N. Am,., 93 NY2d 48, 55; Romano v Romano, 19 NY2d 444, 447). Both CPLR 205 (a) and its equivalent predecessor statutes have been held to be inapplicable when the statutory time bar to the commencement of the second action falls into the latter category, as a condition precedent (Glamm v City of Amsterdam, 67 AD2d 1056, 1057, affd for reasons stated below 49 NY2d 714 [“CPLR 205 does not apply to conditions precedent”]; Hill v Board of Supervisors, 119 NY 344, 347 [Code of Civil Procedure § 405 not applicable where new action did not comply with a “condition precedent”]; see also, Bernardez v Federal Deposit Ins. Corp., 104 AD2d 309, 310, affd for reasons stated below 64 NY2d 943; Carr v Yokohama Specie Bank, 272 App Div 64, affd 297 NY 674).
The requirement to bring an action within one year under Unconsolidated Laws § 7107 is such a condition precedent to suit, which cannot be tolled under CPLR 205 (a). At common *379 law, plaintiff would not have had a cause of action because the Port Authority enjoyed sovereign immunity (Trippe v Port of N. Y. Auth., 14 NY2d 119, 123). In a single enactment, the State not only consented to suits against Port Authority but also expressly incorporated within the act a requirement of timely suit as an integral part of its waiver of sovereign immunity (L 1950, ch 301 [McKinney’s Uncons Laws of NY §§ 7101-7112]). Where a statute both “creates a cause of action and attaches a time limit to its commencement, the time is an ingredient of the cause” (Romano v Romano, supra, 19 NY2d, at 447). In such situations, “the limitation of time is so incorporated with the remedy given as to make it an integral part of it, and the condition precedent to the maintenance of the action at all” (Hill v Board of Supervisors, supra, 119 NY, at 347).
The legislative intent to condition the waiver of sovereign immunity with respect to the Port Authority on timely suit could not be more clear. Unconsolidated Laws § 7107 unambiguously allows an action against the Port Authority only “upon the condition that any suit, action or proceeding prosecuted or maintained under this act shall be commenced within one year” (McKinney’s Uncons Laws of NY § 7107 [emphasis supplied]). Thus, CPLR 205 (a) is inapplicable because, here, the “right to seek relief is specifically conditioned upon compliance with a particular time requirement rather than, or in addition to, a Statute of Limitations” (Matter of Morris Investors v Commissioner of Fin. of City of N. Y., 69 NY2d 933, 936).
Plaintiffs reliance upon Fleming v Long Is. R. R. (72 NY2d 998) and Dreger v New York State Thruway Auth. (81 NY2d 721) is misplaced. Those cases addressed only the issue of whether the dismissed, initial action was “timely commenced” for purposes of obtaining the benefit of the CPLR 205 (a) toll for a later, otherwise untimely suit. In both Fleming and Dreger, the time bars governing the claims were concededly Statutes of Limitation, not conditions precedent, as here. Therefore, in those cases there was no impediment to the application of CPLR 205 (a) to toll the Statutes of Limitation. Contrastingly here, the statutory time limit on. bringing suit, as demonstrated, is itself a condition precedent to the existence of the right of action, not merely a Statute of Limitations. That distinction is fatal to plaintiffs invocation of CPLR 205 (a).
CPLR 205 (a) would not in any event serve to save plaintiffs action here because the statute expressly excludes *380 the availability of the toll where the first action was dismissed by “a final judgment upon the merits.” Plaintiff contends that despite the fact that the judgment dismissing its earlier action for the same relief specified that it was “with prejudice,” the prior action was not terminated “upon the merits” because there was no adjudication of the merits of its breach of contract claim. Plaintiff misconstrues the meaning of the words “final judgment upon the merits” in CPLR 205 (a). The proviso in CPLR 205 (a) that the toll is inapplicable when the prior action was dismissed on the merits is essentially a corollary of the principle of res judicata that “once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy” (O’Brien v City of Syracuse, 54 NY2d 353, 357 [emphasis supplied]). A dismissal “with prejudice” generally signifies that the court intended to dismiss the action “on the merits,” that is, to bring the action to a final conclusion against the plaintiff (Restatement of Judgments § 53, comment c; Restatement [Second] of Judgments § 20, comment d; 27 CJS, Dismissal & Nonsuit, § 73). We have used the words “with prejudice” interchangeably with the phrase “on the merits” to indicate the same preclusive effect (Bray v Cox, 38 NY2d 350, 353, 355; Headley v Noto, 22 NY2d 1, 4).
Our conclusion that the Appellate Division’s dismissal of plaintiff’s first action “with prejudice” was intended to be “upon the merits,” as a final disposition of plaintiffs claim, is entirely consistent with the Appellate Division’s rationale for dismissing the case. In the first action, plaintiff sought a de novo adjudication of its breach of contract claims, ignoring the fact that the Chief Engineer had already made a detailed determination which, pursuant to the parties’ contract, was “conclusive, final and binding” on the parties (Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., supra, 208 AD2d, at 64-65, affd 87 NY2d 927). Defendant warned plaintiff that it would move to dismiss if plaintiff declined to amend the complaint to request instead the limited, available judicial review of the Chief Engineer’s decision (id., at 65-66). Thus, ‘Yonkers adopted a calculated and tactical stance * * * to escape the bargained-for dispute resolution clause and to avoid any challenge to the Chief Engineer’s actions, while invoking its policy argument [that the alternative dispute resolution provision was void]” (id., at 66). In dismissing the complaint with prejudice, the Appellate Division essentially held plaintiff to its tactical *381 abandonment of any challenge to the merits of the Chief Engineer’s determination and therefore was warranted in bringing the litigation between the parties to a conclusive ending.* Thus, “our affirmance of the Appellate Division’s order dismissing the complaint with prejudice” (id., 87 NY2d, at 930) is best viewed as “a final judgment upon the merits” preventing tolling under CPLR 205 (a) (cf., Maitland v Trojan Elec. & Mach. Co., 65 NY2d 614, 615-616 [where there is no “dismissal with prejudice,” the “dismissal * * * is not a merits determination”]).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Bellacosa, Smith, Ciparick and Wesley concur; Judge Rosenblatt taking no part.
Order affirmed, with costs.

 Barring a plaintiffs second action where the first action was dismissed based upon insufficiency of the complaint is justified by the ease with which an initial pleading can be amended (Restatement [Second] of Judgments § 19, comment d). Thus, plaintiff does not and could not contend that the Appellate Division lacked the power to dismiss the first action on the merits.