Norman L. COUSINS, Plaintiff–
Counter–Defendant–
Appellant,

v.

DUANE STREET ASSOCIATES, Julian Cohn, Herbert Cohn, Harold Cohn, Washington Plaza Towers, Inc., Hudson River Management, LLC., Deborah Dolan, Erica Leary, Defendants–Counter–Claimants–Appellees,

Gutman, Mintz, Baker & Sonnenfeldt, P.C., "John or Joy Doodle", An employee of Gutman, Mintz, Baker & Sonnenfeldt, P.C., Franklin J. Gutman, Kenneth Peter Mintz, Jesse R. Baker, Neil D. Sonnenfeldt, Defendants–Appellees.

Docket No. 00–7580.

United States Court of Appeals,
Second Circuit.

April 2, 2001.

James B. Fishman, Fishman, Neil & Armentrout, LLP, New York, NY, for appellant.

Alan G. Blumberg, Szold & Brandwen, P.C., New York, NY, for appellees Duane Street Associates.

Debora A. Pitman, Conway Farrell, Curtin & Kelly, New York, NY, for appellees Gutman, Mintz, Baker & Sonnenfeldt, P.C.

Present JACOBS, CALABRESI, Circuit Judges, and ARTERTON, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be VACATED and REMANDED.

Plaintiff-counterclaim-defendant-appellant Norman Cousins appeals from a judgment entered in the United States District Court for the Southern District of New York (Casey, J.) granting the defendants' motion for summary judgment dismissing claims under the Fair Debt Collection Practice Act ("FDCPA"), and dismissing the remaining pendent state law claims without prejudice and remanding them to state court for resolution.** Cousins had alleged in his Complaint that the "Attorney–Defendants" (Gutman, Mintz, Baker & Sonnenfeldt, P.C., et al.) violated the

---

* The Honorable Janet Bond Arterton of the United States District Court for the District of Connecticut, sitting by designation.

** The grant of summary judgment disposing of Cousins' claims may be reviewed by this Court notwithstanding the district court's failure to address the Landlord–Defendant's counterclaim for attorney's fees brought pursuant to 15 U.S.C. § 1692k(a)(3). *See Salovaara v. Eckert,* 222 F.3d 19, 26 n. 4 (2d Cir.2000) (" '[A] decision on the merits is a final decision for purposes of [appeal] wheth-

er or not there remains for adjudication a request for attorney's fees attributable to the case.' " (quoting *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 202–03, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) (internal quotation marks omitted))); *Abrams v. Interco Inc.,* 719 F.2d 23 (2d Cir.1983) ("[A] judgment on the merits in favor of a plaintiff is a final judgment under 28 U.S.C. § 1291 even though statutory attorneys' fees remain undetermined.").

notice provisions of the FDCPA, *see* 15 U.S.C. § 1692g, in connection with two three-day notices of nonpayment that they served on Cousins on behalf of the "Landlord–Defendants" (Duane Street Associates et al.) as a predicate to commencing summary nonpayment proceedings against him. The Complaint also appears to allege FDCPA violations with respect to the Attorney–Defendants' filing of the three petitions initiating the three summary nonpayment proceedings. These claims rely on sections of the FDCPA that prohibit debt collectors from engaging in the following conduct: (1) harassment or abuse, 15 U.S.C. § 1692d; (2) false or misleading representations, 15 U.S.C. § 1692e; and (3) unfair practices, 15 U.S.C. § 1692f. Cousins sought to hold the Landlord–Defendants vicariously liable for their attorneys' violations.

The underlying premise of Cousins' Complaint was that the Landlord–Defendants were engaged in a practice of bringing summary nonpayment eviction proceedings to evict rent regulated tenants such as himself. The Attorney–Defendants mailed Cousins a three-day notice demanding payment of rent on April 10, 1997 and again on November 7, 1997. After each notice, a summary nonpayment proceeding was initiated. The first summary nonpayment proceeding was withdrawn with prejudice on June 2, 1997; the second was dismissed on consent and without prejudice on March 12, 1998. A third three-day notice mailed on March 17, 1998 was signed by the Landlord–Defendants—not the Attorney–Defendants—and therefore is not the subject of Cousins' present FDCPA claims.

On April 17, 1998, after the third three-day notice, the Attorney–Defendants initiated a third summary nonpayment proceeding on behalf of the Landlord–Defendants. The third proceeding was tried before Judge Howard Malatzky of the Civil Court of the City of New York who awarded the Landlord–Defendants three months' back rent from plaintiff—rental payments Cousins had tendered but the Landlord–Defendants had rejected as insufficient. In defense, Cousins challenged the validity of the three-day notices in both the second and third summary nonpayment proceedings on various grounds, but not under the FDCPA.

Cousins instituted this federal action on April 10, 1998. The district court granted summary judgment in favor of both the Attorney–Defendants and the Landlord–Defendants on Cousins' FDCPA claims on the ground that the plaintiff's claims were barred under the doctrine of res judicata because Cousins neglected to raise them in the third summary nonpayment proceeding.***

Under the doctrine of res judicata, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *St. Pierre v. Dyer*, 208 F.3d 394, 399–400 (2d Cir.2000). Under New York preclusion law, " 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.' " *Yonkers Contracting Co., Inc. v. Port Auth. Trans–Hudson Corp.*, 93 N.Y.2d 375, 380, 690 N.Y.S.2d 512, 712 N.E.2d 678 (1999) (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 429 N.E.2d 1158 (1981)). Defendants were required to

---

*** An additional defendant, Apartment Development And Management, Inc. ("A.D.A.M."), also moved for, and was granted, summary judgment. Cousins subsequently withdrew his appeal from this ruling.

demonstrate that (1) the prior action in New York Civil Court was a final judgment on the merits, (2) the prior action involved the same parties or their privies, and (3) the claims asserted in the present action were raised, or could have been raised, in the prior action. *See Monahan v. New York City Dep't of Corrections,* 214 F.3d 275, 285 (2d Cir.2000). Only compulsory, and not permissive, counterclaims are subject to res judicata. *See Critical–Vac Filtration Corp. v. Minuteman Int'l, Inc.,* 233 F.3d 697, 702 (2d Cir.2000) (" '[T]he fact that [a claim] might have been asserted as a counterclaim in [a] prior suit ... does not mean that the failure to do so renders the prior judgment *res judicata* as respects it.' " (quoting *Mercoid Corp. v. Mid–Continent Inv. Co.,* 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376 (1944))).

Cousins could not have challenged the First and Second Notices on FDCPA grounds by way of an affirmative defense to the third proceeding, because those notices were predicates only to the first and second proceedings which were withdrawn and dismissed respectively.**** As neither of these proceedings reached a final determination of the merits, failure to raise claims in these proceedings cannot be res judicata. The defendants argue that under a line of Civil Court cases that is no longer good law, but that arguably governed at the time of the third summary nonpayment proceeding, Cousins *could* have raised FDCPA claims as an affirmative defense to the third summary proceeding but failed to do so. Even assuming that these cases control, however, the Third Notice (on which the third summary nonpayment proceeding was predicated) was signed by the Landlord–Defendants, whose conduct as a creditor is not regulated by the FDCPA. *See* 15 U.S.C.

§ 1692a(6) (excluding from the definition of "debt collector" creditors collecting their own debts except where the creditor "uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts"). Presumably for that reason, Cousins' Complaint does not rely on the FDCPA to challenge the validity of the Third Notice.

The Complaint appears also to allege FDCPA claims against the Attorney–Defendants based on their filing of the third petition. Even if these claims could have served as a defense to the third proceeding, we do not understand New York preclusion law to require a defendant in a summary nonpayment proceeding brought by his landlord to initiate third-party practice against the landlord's attorneys in order to preserve claims under the FDCPA. *See* N.Y. C.P.L.R. 1007 (governing permissive third-party practice). For these reasons, the district court's dismissal of Cousins' FDCPA claims against the Attorney–Defendants must be vacated, and the case remanded to the district court.

At oral argument, Cousins agreed to abandon any FDCPA claims against the Landlord–Defendants, conceding that—as creditors—they do not constitute "debt collectors" under the terms of the Act, *see* 15 U.S.C. § 1692(a)(6), and declining to press his Complaint's theory of vicarious liability. Therefore, the only claims remaining on remand are the FDCPA claims against the Attorney–Defendants and the various state law claims against both the Landlord–Defendants and Attorney–Defendants. The parties have asserted various arguments in their briefs and at oral argument as to what should be done about the pendent state claims if the FDCPA claims are revived—which they now are, as

---

**** Cousins' FDCPA claims concerning the filing of the first and second petitions are similarly unrelated to the validity of the third proceeding.

against the Attorney–Defendants. We leave this matter and all else concerning the administration of this case in the good hands of the district court.

For the reasons set forth above, the judgment is hereby VACATED and RE-MANDED to the district court for proceedings consistent with this order.