■ LAQUILA CONSTRUCTION, INC., Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [723 NYS2d 464] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered March 6, 1990, which denied defendant's motion to dismiss the complaint on the ground that plaintiff failed to comply with alternative dispute resolution in the underlying contract, unanimously reversed, on the law, without costs, motion to dismiss granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff was a contractor engaged by defendant Transit Authority to excavate for new subway facilities in lower Manhattan. The contract provided that disputes were to be resolved by defendant's Chief Engineer with subsequent judicial review limited in scope to whether or not any determination by the Chief Engineer is "arbitrary, capricious or so grossly erroneous to evidence bad faith." Such a dispute arose, was submitted by plaintiff to the Chief Engineer and was resolved against plaintiff. Instead of seeking review as provided

by CPLR article 78, plaintiff commenced this plenary action which pleaded causes of action for breach of contract and quantum meruit. Defendant moved to dismiss for plaintiff's failure to comply with the alternative dispute resolution provision of the contract. While the IAS court's decade-old decision to deny defendant's motion is understandable in terms of the then-controlling precedent, it has been clear since at least 1993 that the contract clause providing for dispute resolution by defendant's Chief Engineer is not against public policy, is enforceable and requires dismissal of this complaint (*compare Cross & Brown v Nelson*, 4 AD2d 501, 503 [party to contract cannot be arbitrator to resolve contract disputes] *with Westinghouse Elec. Corp. v New York City Tr. Auth.*, 82 NY2d 47 [engineer review of contract disputes with circumscribed judicial review consistent with public policy]). While plaintiff argues that *Westinghouse* was a narrow ruling, there is utterly no support for such a position; subsequent decisions have reflected no hesitation to enforce non-judicial resolution of contract disputes when the contracting parties have clearly agreed to do so (*see Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.*, 87 NY2d 927, 930; *Ferguson Elec. Co. v Kendal at Ithaca*, 274 AD2d 890; *Skanska Tunneling v City of New York*, 247 AD2d 344, *appeal dismissed* 92 NY2d 844). We have reviewed plaintiff's other contentions and find them to be without merit. Concur—Williams, J. P., Mazzarelli, Wallach, Buckley and Friedman, JJ.