■ 886 MID-ORANGE REALTY CORP. et al., Respondents, v CHAIM LAX, Defendant and Third-Party Plaintiff-Appellant, and DEBORAH LAX et al., Appellants. ALEX HASENFELD et al., Third-Party Defendants-Respondents. [732 NYS2d 590] —In an action, *inter alia*, to determine title to real property and to set aside a deed, the defendants and the third-party plaintiff appeal from an order of the Supreme Court, Orange County (Owen, J.), dated April 26, 2000, which, among other things, granted the motion of the plaintiffs and third-party defendants to compel arbitration before a religious tribunal.

■ 886 MID-ORANGE REALTY CORP. et al., Appellants, v CHAIM LAX, Defendant and Third-Party Plaintiff-Respondent, and DEBORAH LAX et al., Respondents. ALEX HASENFELD et al., Third-Party Defendants-Appellants. [732 NYS2d 590] —In an action, *inter alia*, to determine title to real property and to set aside a deed, the plaintiffs and the third-party defendants appeal from an order of the Supreme Court, Orange County (Owen, J.), dated October 3, 2000, which denied their motion, in effect, for summary judgment based upon the defendants' failure to comply with a prior order of the same court.

Ordered that the order is affirmed, without costs or disbursements.

By order dated April 26, 2000, the Supreme Court, Orange County, *inter alia*, granted the motion of the plaintiffs and third-party defendants to compel the respondents to arbitrate their claims before a religious tribunal pursuant to the parties' stipulation (*see, 886 Mid-Orange Realty Corp. v Lax,* 288 AD2d 255 [decided herewith]). The respondents repeatedly failed to comply with the court's order. The plaintiffs and the third-

party defendants then moved for summary judgment on the complaint and dismissing the third-party complaint based on the failure to comply. The Supreme Court properly denied the motion. Summary judgment is not an appropriate remedy for contempt (*see,* Judiciary Law § 756). Furthermore, the motion papers failed to include the statutory warnings required for a contempt motion (*see,* Judiciary Law § 756). McGinity, J. P., H. Miller, Feuerstein and Schmidt, JJ., concur.