■ 886 MID-ORANGE REALTY CORP. et al., Respondents, v CHAIM LAX, Defendant and Third-Party Plaintiff-Appellant, and DEBORAH LAX et al., Appellants. ALEX HASENFELD et al., Third-Party Defendants-Respondents. [732 NYS2d 590] —In an action, *inter alia*, to determine title to real property and to set aside a deed, the defendants and the third-party plaintiff appeal from an order of the Supreme Court, Orange County (Owen, J.), dated April 26, 2000, which, among other things, granted the motion of the plaintiffs and third-party defendants to compel arbitration before a religious tribunal.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted a motion to compel arbitration based on the parties' open-court stipulation (*see,* CPLR 2104), in which they agreed to submit their claims to a religious tribunal called a "Beth Din," and their subsequent written stipulation which, *inter alia*, established the procedures to be used to constitute the Beth Din panel (*see generally, Westinghouse Elec. Corp. v New York City Tr. Auth.,* 82 NY2d 47; *Hallock v State of New York,* 64 NY2d 224). The appellants failed to demonstrate any basis to invalidate or vacate the agreement, or to otherwise relieve them of their obligation to arbitrate (*see, Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.,* 87 NY2d 927; *Hallock v State of New York, supra; Matter of Astoria Med. Group,* 11 NY2d 128). McGinity, J. P., H. Miller, Feuerstein and Schmidt, JJ., concur.