James R. TURNER, Plaintiff–Appellant,

v.

FEDERAL AVIATION ADMINISTRATION, Port Authority of New York and New Jersey, F.J.C. Security Services, Inc., Defendants–Appellees.

No. 05–2413–CV.

United States Court of Appeals, Second Circuit.

March 7, 2006.

James R. Turner, Brooklyn, New York, for Appellant, pro se.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges, and Hon. MIRIAM GOLDMAN CEDARBAUM, District Judge.*

SUMMARY ORDER

James R. Turner appeals from a judgment of the district court dismissing his

---

* The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq.* ("FTCA"), complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and from an order denying Turner's Fed. R.Civ.P. 59(e) motion to reconsider. We assume the parties' familiarity with the facts in this case, its relevant procedural history, and the issues on appeal.

This Court reviews a district court's *sua sponte* dismissal of a complaint pursuant to 28 U.S.C. § 1915(e) *de novo.* *Giano v. Goord,* 250 F.3d 146, 149–50 (2d Cir.2001). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Todd v. Exxon Corp.,* 275 F.3d 191, 197–98 (2d Cir.2001) (citation and internal quotation marks omitted). A district court's denial of a party's motion to alter or amend judgment under Rule 59(e) is reviewed for an abuse of discretion. *Munafo v. Metro. Transp. Auth.,* 381 F.3d 99, 105 (2d Cir. 2004).

The district court did not err in dismissing Turner's complaint as untimely. Turner did not file suit against the Port Authority within one year after the accrual of his claim, nor did he allege that he had served a sixty-day notice of claim on the Port Authority, as required by New York law. *See* N.Y. Unconsol. Law § 7107 (McKinney 2000); *Yonkers Contracting Co., Inc. v. Port Auth. Trans–Hudson Corp.,* 93 N.Y.2d 375, 378–79, 690 N.Y.S.2d 512, 515, 712 N.E.2d 678 (1999) (holding that the one-year limitation period is a condition precedent to suit, which cannot be tolled under New York law). Moreover, it was not error for the district court

to decline to toll the two-year statute of limitations period under the FTCA. Neither Turner's response to the district court's order to show cause nor his supplemental medical documentation demonstrated an adequate justification for tolling the limitation period, particularly because the record indicated that Turner had pursued other legal claims during the time period in question. *See Boos v. Runyon,* 201 F.3d 178, 185 (2d Cir.2000) (a party seeking equitable tolling on grounds of mental disability must provide "a particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights"). Thus, the district court lacked subject matter jurisdiction over Turner's FTCA claim and properly dismissed it. *See Johnson v. Smithsonian Inst.,* 189 F.3d 180, 189 (2d Cir.1999).

Finally, we find no abuse of discretion in the denial of Turner's Rule 59(e) motion because the district court did not commit error or a manifest injustice in concluding that equitable tolling was not appropriate in this case. *See Wood v. FBI,* 432 F.3d 78, 85 n. 4 (2d Cir.2005).

For these reasons, the district court's judgment is AFFIRMED.