■ JCH DELTA CONTRACTING, INC., Appellant, v CITY OF NEW YORK, Respondent. [843 NYS2d 245]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered June 28, 2006, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Dismissal of plaintiff's causes of action seeking damages for extra and disputed work was appropriate since the claims were not timely submitted for review pursuant to the exclusive, alternative resolution procedures set forth in the parties' contract (*see Laquila Constr. v New York City Tr. Auth.*, 282 AD2d 331 [2001], *lv denied* 96 NY2d 721 [2001]; *see also Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.*, 87 NY2d 927, 929-930 [1996]). The lack of an adverse determination by the responsible agency on plaintiff's claims did not preclude plaintiff from seeking administrative review in a timely manner since the contract provided that the agency's failure to render a decision within 20 days of the filing of the claim was deemed a rejection of the claim.

Plaintiff's causes of action for extra and disputed work, as well as its claim for delay damages, were also properly dismissed as time-barred. Defendant issued a certificate of substantial completion for the construction project in January 1996, and plaintiff did not commence the action until 2005, well beyond the six-year statute of limitations for such claims (CPLR 213; *see Phillips Constr. Co. v City of New York*, 61 NY2d 949 [1984]). That the parties' contract contained a one-year limitations period for claims, which was to begin to run upon defendant's filing of a final payment voucher, does not support plaintiff's argument that its claims were timely (*id.* at 950-951), and the provision would improperly serve to extend the applicable statute of limitations (*see John J. Kassner & Co. v City of New York*, 46 NY2d 544, 550-551 [1979]). Nor was defendant estopped from relying upon the statute of limitations defense on the basis it entertained ongoing negotiations with plaintiff regarding the claims. There is no evidence indicating defendant intended to relinquish its right to pursue the defense (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966 [1988]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Andrias, J.P., Friedman, Williams, Buckley and Sweeny, JJ.