09-2544-cv
Jefftex Int'l Ltd v. JPI Trading Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of March, two thousand and ten.

PRESENT: PIERRE N. LEVAL,
         ROBERT D. SACK,
         RICHARD C. WESLEY,
                 *Circuit Judges.*

---

JEFFTEX INTERNATIONAL LTD.,

                 *Plaintiff-Appellant,*

         -v.-                                    09-2544-cv

JPI TRADING CORP. and JOSEPH SAFDIEH,

                 *Defendants-Appellees.*

---

FOR APPELLANT:          STEWART W. LEE (Steven Weinberg, *on the brief*), Gottesman, Wolgel, Malamy, Flynn & Weinberg P.C., New York, NY.

FOR APPELLEES:          THOMAS G. CARULLI, Kaplan Massamillo & Andrews, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Griesa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED.**

Plaintiff-appellant Jefftex International Ltd. ("Jefftex") appeals the district court's dismissal of its claims based on the doctrine of *res judicata*. We presume the parties' familiarity with the facts, procedural history, and issues on appeal.

We review *de novo* a district court's dismissal of a complaint based on the preclusive effect of a state-court judgment. *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000). The Full Faith and Credit Clause requires that we apply the preclusion law of the state that rendered the judgment; in this case, New York. *See id.* at 87; *see also* U.S. Const. art. IV, § 1; 28 U.S.C. § 1738. New York takes a transactional approach to *res judicata*. "[O]nce a claim

is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *O'Brien v. Syracuse*, 54 N.Y.2d 353, 357 (N.Y. 1981).

Jefftex concedes that this is an action "against the same defendants for the same relief under the same theories and causes of action as were asserted in [a] prior New York State Supreme Court lawsuit." The prior state-court action was resolved pursuant to a September 14, 2006 oral order from the Honorable Ira Gammerman, Judicial Hearing Officer of the New York State Supreme Court, Commercial Division. When counsel informed Justice Gammerman that they were unwilling to proceed with jury selection on the scheduled trial date, he dismissed Jefftex's claims, as well as crossclaims against it, for failure to prosecute. He also denied the parties' request to file a stipulation voluntarily dismissing the action without prejudice, *see* N.Y. C.P.L.R. § 3217(a), and expressly indicated that his dismissal was to operate "with prejudice." Justice Gammerman explained to Jefftex's counsel that "[i]f the lawsuit is started again and nobody raises [the prior]

3

dismissal, the judge to whom that case will be assigned will be totally unaware of" his ruling.  On the other hand, he warned, "[m]aybe [one of the parties] . . . will decide he wants to enforce the dismissal with prejudice and that may be some interesting litigation in the future."

On November 19, 2007, Jefftex commenced this diversity action based on identical claims.  Justice Gammerman's warning that one of the parties might "want[] to enforce the dismissal with prejudice" came to fruition, and defendants-appellees moved to dismiss the complaint.  The district court granted the motion, holding that *res judicata* precludes Jefftex from re-litigating its  claims.

On appeal, Jefftex spends much of its brief contesting the merits of Justice Gammerman's dismissal of the state-court action.  However, irrespective of whether these arguments are couched in terms of procedural error or Justice Gammerman's authority to ignore the parties' stipulation, we may not rule on these questions in the stead of the Appellate Division.  Moreover, assuming, *arguendo*, that Justice Gammerman's dismissal was erroneous, that error does not limit the application of the doctrine of *res judicata* in subsequent litigation.  Generally speaking,

4

"'[a] judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action]." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (quoting *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 325 (1927)). "The indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of *res judicata* to avert." *Reed v. Allen*, 286 U.S. 191, 201 (1932). Therefore, the merits of Justice Gammerman's disposition of the prior state-court action are irrelevant in this appeal.

Finally, Jefftex argues that the state-court dismissal "with prejudice" is not entitled to *res judicata* effect because it did not sufficiently resolve the merits of its claims. However, the New York Court of Appeals has noted that "[a] dismissal 'with prejudice' generally signifies that the court intended to dismiss the action 'on the merits,' that is, to bring the action to a final conclusion against the plaintiff." *Yonkers Contracting Co., Inc. v.*

5

*Port Auth. Trans-Hudson Corp.*, 93 N.Y.2d 375, 380 (N.Y. 1999); *see also id.* ("We have used the words 'with prejudice' interchangeably with the phrase 'on the merits' to indicate the same preclusive effect."). Having reviewed the transcript from the September 14, 2006 proceedings conducted by Justice Gammerman, it is clear that he intended his dismissal to operate with that effect. Therefore, for substantially similar reasons to those stated by the district court, the state-court dismissal is entitled to *res judicata* effect in this litigation.

We have considered each of Jefftex's arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6