10-2042-cv
*James v. State of New York*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand eleven.

PRESENT: RICHARD C. WESLEY,
         DENNY CHIN,
         RAYMOND J. LOHIER, JR.,
                 *Circuit Judges.*

_____

DONNA M. JAMES,

                 *Plaintiff-Appellant*,

         -v.-                              10-2042-cv

THE STATE OF NEW YORK, COMMISSIONER OF THE DEPARTMENT OF SOCIAL SERVICES FOR THE CITY OF NEW YORK,

                 *Defendants-Appellees.*

_____

FOR APPELLANT:     DONNA M. JAMES, *pro se*, Brooklyn, NY.

FOR APPELLEES:*    OREN L. ZEVE, Managing-Administrative
                   Assistant Solicitor General, *for* Andrew
                   Cuomo, Attorney General for the State of
                   New York, New York, NY.

---

*Appellees have submitted one-page letters denying that they were served with the complaint in the proceedings below and announcing their intention not to appear or file any further papers on appeal.

PAMELA SEIDER DOGLOW, Senior Counsel, *for* Michael A. Cardozo, Corporation Counsel for the City of New York, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED** and the case **REMANDED** for further proceedings consistent with this order.

Appellant Donna M. James, proceeding *pro se*, appeals from the district court's judgment *sua sponte* dismissing her complaint with prejudice on the grounds that (1) she has been adjudicated incapacitated in state court; (2) she has guardians appointed to her; (3) none of her state-appointed guardians responded to the court's order directing them to respond if they wished to pursue the action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court generally reviews *sua sponte* dismissals *de novo*. *See, e.g.*, *Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). Additionally, this Court reviews a decision as to whether to appoint a guardian ad litem for abuse of discretion. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 200 (2d Cir. 2003). A court may not determine

2

on its merits the claim of an incompetent person who is not properly represented. *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009).

"A minor or incompetent person normally lacks the capacity to bring suit for himself." *Id.* (citing N.Y. C.P.L.R. 1201 (McKinney 1997); Fed. R. Civ. P. 17(b)(1) (capacity of individual claimant determined "by the law of the individual's domicile")). Pursuant to Federal Rule of Civil Procedure 17(c)(2), "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action."

Here, the district court was correct to *sua sponte* raise the issue of competency and representation by a general guardian under Rule 17(c), but its subsequent actions were erroneous for the reasons set forth below.

First, the district court erred by dismissing the action with prejudice. In its April 2010 order, the court noted that if James's guardians did not respond to the order, it would dismiss the action *without* prejudice. Instead of doing so, the district court dismissed the action *with* prejudice. Moreover, the district court must not reach the merits of a claim filed on behalf of an incompetent

person who is not properly represented by a suitable guardian and through counsel. *See Berrios*, 564 F.3d at 134-35; *see also Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989). Although the dismissal here did not specifically address the merits, it will nonetheless have the same collateral effects as a dismissal on the merits because the district court dismissed the complaint with prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal order under this [involuntary dismissal] subdivision [ ] and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits."); *Yonkers Contracting Co. v. Port Auth. Trans-Hudson Corp.*, 93 N.Y.2d 375, 380 (1999) ("A dismissal 'with prejudice' generally signifies that the court intended to dismiss the action 'on the merits' . . . . We have used the words 'with prejudice' interchangeably with the phrase 'on the merits' to indicate the same preclusive effect.") (citations omitted).

Second, although the district court had reason to believe that James had been determined incapable of managing her own affairs, it did not establish that fact conclusively. The court noted that documents attached to

4

James's complaint indicated that she had been adjudicated incapacitated in 2003 in state court and that the state court had appointed guardians of her person and property. In light of the factual background before it, the district court should have first determined whether James was in fact incompetent, whether she still had guardians, whether, if so, they were aware of her attempt to file suit, and whether they wished to undertake the suit on her behalf.

On remand, if James is indeed incompetent to manage the litigation the district court should appoint James a guardian ad litem if none of the state-appointed guardians appear in the matter.[1] The appointment by the district court of a guardian ad litem may be appropriate in this case even if state-appointed guardians do appear, since James's filings allege that at least one of her guardians has a financial interest in the guardianship adverse to her own interests. Federal courts have inherent, discretionary power to appoint a guardian ad litem when it appears that an incompetent person's general representative has interests which may conflict with those of the person he is supposed to represent. *See Ad Hoc Comm. of Concerned Teachers v.*

_____

[1] James' guardians appear to be attorneys admitted to practice law in New York according to the state court records submitted by James. It may well be that the district court will choose to appoint a guardian for James to assist the court in locating the state-appointed guardians.

*Greenburgh # 11 Union Free Sch. Dist.*, 873 F.2d 25, 30 (2d Cir. 1989); *Adelman ex rel. Adelman v. Graves*, 747 F.2d 986, 988 (5th Cir. 1984).  However, we leave the question of whether a guardian ad litem should be appointed for the district court to address in the first instance.

Accordingly, the judgment of the district court is **VACATED** and we **REMAND** the case to the district court for further proceedings in accordance with this order.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk