■ In the Matter of START ELEVATOR, INC., Appellant, v CITY OF NEW YORK et al., Respondents. [961 NYS2d 119]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered January 10, 2012, denying the petition to annul the determination of respondent New York City Contract Dispute Resolution Board (CDRB), dated February 28, 2011, which dismissed petitioner's claim due to its untimely filing of a petition to CDRB, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Judicial review of a CDRB determination is limited to the question of whether it was "made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (9 RCNY 4-09 [g] [6]). Here, CDRB's dismissal of the petition as untimely was proper. Petitioner submitted the materials in support of its notice of claim in March 2009. Once the New York City Comptroller failed to address this claim within 45 days thereafter, petitioner had 30 days in which to file a petition with CDRB, pursuant to the parties' contract and the New York City Procurement Policy Board (PPB) Rules (9 RCNY 4-09 [e] [4]; [g]). Petitioner, however, petitioned CDRB in November 2010, well after the 30-day period had expired. The court properly interpreted the provision stating that petitioner "may" petition CDRB within that period to require petitioner to do so in order to exhaust its administrative remedies, given that the contract and the PPB Rules provide that the time period is triggered once the Comptroller fails to respond within its 45-day period (*see JCH Delta Contr., Inc. v City of New York*, 44 AD3d 403 [1st Dept 2007]). Concur—Gonzalez, P.J., Tom, Richter and Abdus-Salaam, JJ.