# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**525**

**CA 14-01855**

PRESENT: CENTRA, J.P., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

KATHLEEN BENEDETTI, INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATE OF ERIC SMITH,
DECEASED, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

ERIE COUNTY MEDICAL CENTER CORPORATION,
DEFENDANT-APPELLANT.

---

RICOTTA & VISCO, ATTORNEYS & COUNSELORS AT LAW, BUFFALO (FRANK C.
CALLOCCHIA OF COUNSEL), FOR DEFENDANT-APPELLANT.

HOGAN WILLIG, PLLC, AMHERST (KATHERINE MARKEL OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County
(Christopher J. Burns, J.), entered January 31, 2014. The order
denied the motion of defendant to dismiss the complaint as untimely.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice and
wrongful death action alleging that, while plaintiff's decedent was a
patient at a hospital facility of Erie County Medical Center
Corporation (defendant) between April 30, 2011 and May 1, 2011,
various agents and/or employees of defendant failed to diagnose and
treat decedent's serious medical condition. According to plaintiff,
decedent died days later because the condition was not appropriately
treated prior to decedent's discharge from defendant's hospital
facility on May 1, 2011.

There is no dispute that plaintiff timely commenced an action
against defendant for medical malpractice and wrongful death on July
12, 2012. Because defendant is a public benefit corporation (*see*
General Construction Law § 66 [1], [4]), however, plaintiff was
required to serve a notice of claim (*see* Public Authorities Law § 3641
[1] [a]), which she had not done prior to commencement of the action.
Thus, on August 28, 2012, Supreme Court granted plaintiff's
application to serve a late notice of claim, and a notice of claim was
served on defendant on September 5, 2012. Defendant then moved to
dismiss the action on the ground that plaintiff failed to comply with
conditions precedent to suit prior to commencement of the action, and
the court granted that motion and dismissed the action by order

entered August 30, 2013. That order provided that the action was dismissed "without prejudice and subject to the terms of CPLR [] 205 (a)."

On September 10, 2013, plaintiff commenced the instant action. Thereafter, defendant moved to dismiss the action pursuant to CPLR 3211 on the ground that plaintiff failed to comply with Public Authorities Law § 3641 (1) (c), contending that the one-year and 90-day requirement in that section was a "condition precedent to suit" not subject to the six-month extension of time provided for in CPLR 205 (a). The court denied the motion and concluded that the one-year and 90-day period for commencement of an action against defendant pursuant to Public Authorities Law § 3641 (1) (c) is not a condition precedent to suit but, rather, is a statute of limitations. Therefore, the court further concluded that CPLR 205 (a) applied to the dismissal of the prior action and that the commencement of the instant action was timely. We agree.

It is well settled that CPLR 205 (a) does not apply when an act has to be performed within a statutory time requirement and is a condition precedent to suit (see *Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp*., 93 NY2d 375, 378-379; *Glamm v City of Amsterdam*, 67 AD2d 1056, 1057-1058, *affd* 49 NY2d 714, *rearg denied* 49 NY2d 918). We recognize, by way of example, that the one-year statutory period for commencement of suit against the Port Authority Trans-Hudson Corporation set forth in McKinney's Unconsolidated Laws of NY § 7107 has been held to be a condition precedent to suit not entitled to the tolling benefit of CPLR 205 (a) (see *Yonkers Contr. Co.*, 93 NY2d at 378-379). As emphasized by the Court of Appeals in *Yonkers*, "Unconsolidated Laws § 7107 unambiguously allows an action against the Port Authority only 'upon *the condition* that any suit, action or proceeding prosecuted or maintained under this act shall be commenced within one year' " (*id.*, 93 NY2d at 379). Here, Public Authorities Law § 3641 (1) (c) contains no similar express conditional language.

We note that CPLR 205 (a) has been held to apply to proceedings commenced under General Municipal Law § 50-i (see *Smith v Rensselaer County*, 52 AD2d 384, 387), the language of which is identical to that of Public Authorities Law § 3641 (1) (c) at issue herein. We thus conclude that the express language of section 3641 (1) (c) does not support defendant's contention that the one-year and 90-day period is a condition precedent and not a statute of limitations (see *Baez v New York City Health & Hosps. Corp*., 80 NY2d 571, 576; *Donahue v Nassau County Healthcare Corp*., 15 AD3d 332, 333, *lv denied* 5 NY3d 702).

Turning to the second prong of the *Yonkers* analysis, we reject defendant's contention that personal injury actions did not exist against it under common law and that Public Authorities Law § 3641 (1) (c) created the medical malpractice and wrongful death causes of action interposed by plaintiff. The basis of the determination in *Yonkers* that the statute created the cause of action against the Port Authority was based upon the express language of McKinney's Unconsolidated Laws of NY § 7101 whereby the Port Authority conditioned its waiver of sovereign immunity and consent to suit on

timely commencement (*id.*, 93 NY2d at 379).  Here, there is no such provision in Title 6, Article 10-C, where section 3641 is codified. Thus, as distinguished from the situation in *Yonkers*, it cannot be said here that, in "a single enactment[, i.e., Public Authorities Law § 3641], the State not only consented to suits against [defendant] but also expressly incorporated within the act a requirement of timely suit as an integral part of its waiver of sovereign immunity" (*Yonkers Contr. Co.*, 93 NY2d at 379).

Entered:  June 12, 2015                    Frances E. Cafarell
                                           Clerk of the Court