■ FERGUSON ELECTRIC COMPANY, INC., Plaintiff, v KENDAL AT ITHACA, INC., et al., Respondents, and TOUGHER INDUSTRIES, INC., Appellant, et al., Defendants. [711 NYS2d 246] —Lahtinen, J. Appeal from that part of an order of the Supreme Court (Relihan, Jr., J.), entered September 10, 1999 in Tompkins County, which held, *inter alia*, that the dispute procedures in the contract between defendant Christa Construction, Inc. and defendant Tougher Industries, Inc. were mandatory and obligatory.

Defendant Christa Construction, Inc. was the general contractor for a nursing home project in the City of Ithaca, Tompkins County, owned by defendant Kendal at Ithaca, Inc. On July 11, 1994 defendant Tougher Industries, Inc. entered into a subcontractor agreement with Christa for plumbing and heating work on the project. Tougher was never paid in full for its work by Christa despite oral and written demands for payment presented to Christa and Christa's surety, defendant United States Fidelity & Guaranty Company, and eventually filed a notice of mechanic's lien on the project.

Thereafter plaintiff, another unpaid subcontractor, commenced this action to foreclose its mechanic's lien in which Christa and Tougher were named defendants. In its answer Tougher asserted cross claims against Christa sounding in breach of contract and quantum meruit and against Christa's surety on the surety bond seeking payment for its work; Tougher also asserted a counterclaim against plaintiff and a cross claim against all other defendants seeking to foreclose its mechanic's lien. Christa moved for summary judgment seeking dismissal of Tougher's cross claims based on Tougher's alleged failure to comply with a condition precedent, the dispute resolution procedures contained in article 11 of their subcontract. Supreme Court found that issues of fact existed as to whether Tougher complied with the requirements of article 11 and reserved decision on the summary judgment motion, but ruled that the subcontract dispute procedures in article 11 were mandatory and obligatory on Tougher. Tougher appeals from that portion of Supreme Court's order.

Article 11 of the July 11, 1994 subcontract between Christa and Tougher is entitled "Disputes" and the pertinent sections read as follows:

"11.1 Dispute Procedures

"In the event the Contractor and the Subcontractor are unable to resolve their differences concerning a determination by the Contractor's Representative, the Subcontractor may initiate a dispute in accordance with the procedure set forth in this Article. Exhaustion of these procedures shall be a precondition to any lawsuit permitted hereunder.

"11.2 Dispute Resolution

"The parties to this contract authorize the Contractor's Representative, acting personally, to decide all questions of any nature whatsoever arising out of, under, or in connection with, or in any way related to or on account of, this Contract and his decision shall be conclusive, final and binding on the parties.

"11.3 Appeal

"If the Subcontractor protests the determination of the Contractor's Representative, the Contractor (*sic*) may commence a lawsuit in a Court of competent jurisdiction of the State of New York or a United States Court in New York, under the procedures and laws applicable in that court, it being understood the review of the Court shall be limited to the question of whether or not the Contractor's Representative's determination is arbitrary, capricious or grossly erroneous to evidence bad faith."

Tougher argues that these provisions do not comprise a " 'clear, explicit and unequivocal' " alternate dispute resolution (hereinafter ADR) agreement which must be complied with before seeking redress in the courts (*Crimmins Contr. Co. v City of New York*, 74 NY2d 166, 171, quoting *Matter of Waldron [Goddess]*, 61 NY2d 181, 183-184), but categorizes them as optional provisions. Tougher further claims that paragraph 11.3 addresses only lawsuits commenced by the contractor and does not apply to lawsuits by the subcontractor. Christa counters that these provisions demonstrate a clear and express intent of the parties to submit to ADR as a precondition to any lawsuit and that similar provisions have been held binding by courts of this State (*see, Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.*, 87 NY2d 927, 928-929, *affg* 208 AD2d 63; *Westinghouse Elec. Corp. v New York City Tr. Auth.*, 82 NY2d 47).

Clearly, the public policy of this State favors and encourages arbitration and ADR resolutions (*see, Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.*, 37 NY2d 91, 95) and ADR mechanisms reflecting the informed negotiation and endorsement of the parties are valid and enforceable (*see, Westinghouse Elec. Corp. v New York City Tr. Auth., supra*, at 53). The record reflects that Tougher chose, "with its business eyes open, to accept the terms, specifications and risk of the [subcontract],

including the ADR clause" (*id.*, at 54) at issue on this appeal, and our review of the paragraphs of article 11 does not find them to be equivocal. They provide an agreed-upon formula for resolving disputes arising under the subcontract, which includes resort to the courts of this State as part of the process. Tougher's claim that paragraph 11.3 applies only to actions commenced by Christa and therefore does not preclude Tougher's resort to the courts without first submitting its claims to ADR is not persuasive. The only logical reading of paragraph 11.3 confirms that reference to contractor rather than subcontractor in line two was an obvious scrivener's error which we have a duty to correct (*see, Friedman & Co. v Newman*, 255 NY 340) and, as corrected, we agree with Supreme Court that the ADR procedure contained in article 11 of the subcontract is mandatory on Tougher.

Similarly unavailing is Tougher's argument that Christa's failure to designate a contractor's representative as called for in paragraphs 11.1 and 4.2 of the subcontract agreement prevented its compliance with article 11. This argument lacks support as the record reflects that Tougher made a conscious decision *not* to avail itself of the ADR procedure in the subcontract prior to asserting its cross claims against Christa, consistent with its position that the ADR procedures were optional. It is well settled that a party to a contract cannot insist upon a condition precedent when its nonperformance was brought about by its own action (*see, A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20, 31).

Finally, we note that although Tougher's claims against Christa were asserted as cross claims in a lien foreclosure action commenced by another unpaid subcontractor, they are treated as if they were causes of action asserted in a complaint (*see,* CPLR 3019 [d]) and remain subject to the ADR process set out in the subcontract which is a precondition "to any lawsuit".

Mercure, J. P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.