■ LEHMAN BROTHERS HOLDINGS, INC., Respondent, v WILLIAM T. MATT, Appellant. [824 NYS2d 78]—

Judgment, Supreme Court, New York County (Saralee Evans, J.), entered June 22, 2005, awarding plaintiff damages in the principal amount of $22,543,405.27, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered June 9, 2005, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff sued to recover on a payment guaranty and a new guaranty covering obligations under certain loan documents. Defendant defaulted on plaintiff's motion for partial summary judgment on the issue of liability with respect to the two guaranties, and although he moved to vacate the default, he subsequently withdrew that motion and never re-filed. Defendant's time to appeal from that order, entered on April 22, 2004, has

long since expired. Since no appeal lies from an order entered on default (CPLR 5511), defendant's challenge to the judgment entered after inquest brings up for review only matters treated at the inquest, namely, the amount of damages (*see Rokina Opt. Co. v Camera King,* 63 NY2d 728 [1984]). Accordingly, defendant's claims regarding the underlying predicates for liability, i.e., the enforceability of the payment guaranty and the new guaranty, are not properly before this Court.

Were we to consider these claims, we would find them to be without merit. The discrepancy relied upon by defendant in the payment guaranty—that it refers to a nonexistent subsection in the loan agreement—amounts to no more than a scrivener's error, and cannot serve to vitiate the clear intention of the parties. A plain reading of the loan agreement makes clear there are certain events that would trigger full recourse obligations, and they are contained in section 13.23 of the loan agreement. The payment guaranty refers to section 13.23 (*b*) (ii), which was never delineated as such in the loan agreement because of the inadvertent omission of the *subsection* (*b*) designation. To countenance defendant's interpretation would render the payment guaranty an illusory obligation that would never take effect because its alleged triggering event does not exist. Wherever possible, a court will not construe a guaranty in such a way as to render it meaningless (*see Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.,* 63 NY2d 396, 403 [1984]).

Defendant's argument that the forbearance agreement, which does not impose personal liability upon him, superseded the new guaranty, which did impose personal liability, is not supported by the very paragraph of the forbearance agreement defendant relies on, nor by the references to the new guaranty in the forbearance agreement itself. Once again, to adopt defendant's interpretation of these documents would literally read the new guaranty out of existence and render it meaningless, which clearly was not the intent of the parties.

Defendant, having contractually agreed in the forbearance agreement to pay, without objection or reservation, the legal expenses actually paid by plaintiff in partial consideration of its forbearance, has no grounds to contest the award of these legal expenses to plaintiff.

Defendant is precluded from litigating his claim that the additional interest due under the secured note constituted an unenforceable penalty in this proceeding, by virtue of the fact that he waived the right to impose any defense, setoff or counterclaim in the payment guaranty and the new guaranty, in the event plaintiff sought to enforce said guaranties. Further-

more, in the forbearance agreement, defendant specifically acknowledged the amount due and owing to plaintiff, and that amount included the additional interest. In any event, the additional interest provision did not constitute a penalty, but rather was additional compensation to plaintiff in consideration for the substantial risk it undertook in agreeing to loan $14 million in cash for construction costs, which loan was not secured by the property.

We have considered defendant's remaining arguments and find them without merit. Concur—Mazzarelli, J.P., Friedman, Sullivan, Catterson and Malone, JJ.