Slifka v Slifka (2019 NY Slip Op 08007)





Slifka v Slifka


2019 NY Slip Op 08007


Decided on November 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2019

Richter, J.P., Webber, Gesmer, Oing, JJ.


10282 652058/17

[*1] Randolph W. Slifka, et al., Plaintiffs-Appellants,
v
Barbara Slifka, et al., Defendants-Respondents.


Stempel Bennett Claman & Hochberg, P.C., New York (Richard L. Claman of counsel), for appellants.
Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Allan J. Arffa of counsel), for Barbara Slifka, 477 Madave Associates, 477 Madave Management Corp., 477 Madave Holdings, LLC, J.A.B. Madison Associates, LLC, J.A.B. Madison Management Corp. and J.A.B. Madison Holdings, LLC, respondents.
Shearman & Sterling LLP, New York (K. Mallory Brennan of counsel), for SRI Ten 477 Madison LLC and SRI Ten 477 Madison TRS LLC, respondents.
Proskauer Rose LLP, New York (Steven H. Holinstat of counsel), for David Slifka, respondent.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered April 19, 2019, which, to the extent appealed from, granted defendants' motions to dismiss the complaint as against them except for the fifth cause of action, and declared that defendant Barbara Slifka continues to hold the authority of Managing Partner and that plaintiffs' trusts did not succeed, nor do they currently have, such authority, unanimously affirmed, with costs.
To the extent plaintiffs challenge the court's March 7, 2019 order lifting the stay entered by Justice Bransten to allow for the adjudication of the instant motions to dismiss, that order is not before this Court and is beyond the scope of review on the instant appeal (CPLR 5501).
The court correctly dismissed all but the fifth cause of action, which seeks an order requiring defendant Barbara Slifka (Barbara) to produce the books and records, or other information, pertaining to the partnership. Section 8.1 of the Partnership Agreement gave the Managing Partner, Joseph Slifka, "sole and absolute discretion, including without limitation, and without the consent of the other Partners, the right to sell (a) sell
. . . all of the real property owned by the Partnership," including the building at 477 Madison Avenue, which is at issue here. Joseph died in 1992. Section 12.2 of the Partnership Agreement states, "In the event of the death . . . of the Managing Partner, the execution [sic] of the estate of the Managing Partner, the guardian of the Managing Partner or the trustee of the Managing Partner, as the case may be, shall act as successor to the authority . . . of such Managing Partner."
The court correctly deemed the word "execution" a scrivener's error that was intended to be "executor." The phrase refers to two other people, the "guardian" and the "trustee," and thus, the parties clearly intended to refer to a person, an "executor," not the action of "execution" (see Lehman Bros. Holdings, Inc. v Matt, 34 AD3d 290, 291 [1st Dept 2006]; Ferguson Elec. Co. v Kendal At Ithaca, 274 AD2d 890, 892 [3d Dept 2000]). The court was not, as plaintiffs suggest, constrained to adopt an absurd phrasing in the contract merely because the statute of limitations for reformation had passed, when the error is obvious and the drafters' intention clear.
Upon Joseph's death, section 12.2 of the Partnership Agreement conferred on Alan, now deceased, and Barbara, Joseph's executors, the authority to act as Managing Partner. Thus, under section 8.1, Barbara had "sole and absolute" discretion to sell the property. The reference to "executor" unambiguously refers to Barbara. No further discovery is required, and thus, the [*2]court correctly dismissed the causes of action based on Barbara's alleged lack of authority to sell the property.
In dismissing the cause of action seeking a declaration that the ground floor tenant is "in default of its obligations" under the ground lease, the court correctly concluded, inter alia, that the allegations against defendants SRI Ten 477 Madison LLC and SRI Ten 477 Madison TRS LLC (collectively, the Shorenstein defendants) were insufficiently pleaded and that those against Barbara were duplicative of the breach of fiduciary duty claims
(see Kassover v Prism Venture Partners, LLC, 53 AD3d 444, 449 [1st Dept 2008]).
Since there is no breach of fiduciary duty by Barbara, there is no aiding and abetting any breach of fiduciary duty by the Shorenstein defendants (Kaufman v Cohen, 307 AD2d 113, 125 [1st Dept 2003]). In any case, the court correctly dismissed all claims against the Shorenstein defendants because the allegations against them were speculative and conclusory (Barnes v Hodge, 118 AD3d 633 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 7, 2019
CLERK