N.G. v G.F. (2024 NY Slip Op 50265(U))

[*1]

N.G. v G.F.

2024 NY Slip Op 50265(U)

Decided on March 13, 2024

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 13, 2024
Supreme Court, Westchester County

N.G., Plaintiff,

against
G.F., Defendant.

Index No. 63342/2022

James L. Hyer, J.

The following documents, numbered 1 to 11, were considered in connection with Defendant's Order to Show Cause, dated January 30, 2024, (hereinafter referred to as "Motion Sequence No.3"), seeking the entry of an Order:
1. Referring the Plaintiff to the Westchester County District Attorney's office for an investigation, and potential criminal charges, due to the Plaintiff's false reporting of sexual abuse claims, both directly and indirectly, to the State Central Register, as contemplated in NYS Penal Law 240.50(4)(a) and (b); and
2. Pursuant to Social Services Law 422, issuing to Defendant a So Ordered subpoena (attached hereto as Exhibit "A"), served upon the Westchester County Department of Social Services directing them to produce unredacted, certified copies of DSS/CPS records concerning investigations and findings relative to all unfounded child/sex abuse complaints filed concerning the child, J.F. (DOB: XX/XX/XX19), directly to the Court, which shall be held in-camera by the Court and used at trial by the Defendant; and
3. For such other and further relief as the Court deems just and proper.
PAPERS NUMBERED
Order to Show Cause/Affirmation/Exhibit A-G 1-9
Affirmation in Opposition 10
Affirmation of Attorney for the Child 11
RELEVANT FACTUAL AND PROCEDURAL HISTORY
This matrimonial action was commenced on August 10, 2022, after which a Notice of Appearance and Demand for Complaint were filed on August 18, 2022. On February 28, 2023, a Preliminary Conference was held wherein all parties and counsel appeared, after which a Preliminary Conference Order was entered indicating that the issue of custody and access of the [*2]parties' minor child J.F. (DOB: XX/XX/XX19) (hereinafter referred to as the "Child") was unresolved. On April 27, 2023, an Order Appointing Privately Paid Attorney for the Child[ren] was entered appointing as Attorney for the Child Robin Dale Carton, Esq.
On September 18, 2024, Defendant's counsel submitted a letter to the Court requesting an emergency conference asserting:
"For the past few weeks, I informed counsel for both the Plaintiff and the Child that I intended to seek an emergency conference with the Court to address ongoing and very serious issues with the access schedule and the Mother's behavior and parenting choices at home. At the request of all counsel, I agreed to try and resolve issues amicably and to have a settlement conference instead. Unfortunately, those attempts have proven unsuccessful and now, in a desperate attempt to deflect the Court's attention to the Mother's issues, the Mother has made up allegations that the subject child was somehow sexually abused by my client's nephew. This is something my client adamantly denies. Over this past weekend and according to the police and CPS caseworker, allegations were made that something occurred between the child and the nephew on Saturday. This is despite the fact that the child was not even around my client's nephew at all this past weekend. I am respectfully requesting an immediate conference with Court on all issues of access and custody."
In response to counsel's submission, the Court scheduled a Conference to be held on September 19, 2023, at 3:30 p.m.
On September 19, 2023, Plaintiff's then counsel filed an Order to Show Cause, (hereinafter referred to as "Motion Sequence #1"), seeking the entry of an Order granting the following relief:
"(1) Issuance of an Order of Protection on behalf of the child, J.F. (DOB: XX/XX/XX19) born XX XX, XX19, directing that the Defendant, G.F., keep the subject child away from the person, and home of J.F. (D.O.B.: XX/XX/XX10), age 13, including but not limited to keeping the subject child away from the home of the paternal grandparents located across the street from the home of J.F. (D.O.B.: XX/XX/XX10); and
(2) Directing that the Defendant's access with the subject child J.F., be supervised pending the investigation by CPS; and
(3) For such other and further relief as to the Court may deem just and proper."
On September 20, 2023, three Temporary Orders of Protection were entered: (1) Against J.F. (D.O.B.: XX/XX/XX10) for the benefit of the Child; (2) Against Plaintiff for the benefit of the Child; and (3) Against Defendant for the benefit of the Child.
On September 21, 2023, Plaintiff's then counsel filed an Order to Show Cause (hereinafter referred to as "Motion Sequence #2), seeking the entry of an Order granting the following relief:
"(a) Pursuant to CPLR § 321(b)(2), relieving John C. Guttridge, Esq., and Guttridge & Cambareri, P.C., as attorneys of record for the Plaintiff N.G., and declaring that John C. Guttridge, Esq., and Guttridge & Cambareri, P.C., have no further responsibility in this proceeding; and
(b) Staying this matter for a period of thirty (30) days to allow Plaintiff the opportunity to obtain new counsel; and
(c) For such other, further or different relief as to this Court may seek just, proper and equitable."
A Status Conference was held on September 21, 2023, after which a Decision and Order was entered pertaining to Motion Sequence #2, which granted the relief requested to the extent that Plaintiff's then counsel was permitted to withdraw as counsel for Plaintiff noting that Arlene Wexler, Esq., was to be appointed as 18-B counsel for Plaintiff which was completed by separate Order of Appointment entered that day. On September 21, 2023, three Amended Temporary Orders of Protection were entered modifying the previously entered Orders.
On September 22, 2023, two Orders were entered being: (1) Order for Recording and Release of Forensic Interview at Children's Advocacy Center and Related Child Protective Services Notes and Records; and (2) Order For Investigation was entered inclusive of the following directives:
"The above referenced matter is pending before this Court. The Westchester County Department of Social Services is hereby directed to conduct a CPS Investigation concerning allegations that the child was subjected to multiple incidents of sexual assault. Upon information and belief, SCR reports were called in with respect to these allegations. Upon information and belief, there is a current CPS investigation pursuant to possible multiple SCR reports received alleging sexual abuse of the child (J.F. (DOB: XX/XX/XX19)). And that it is the Court's understanding that the mother has made allegations that the father (G.F.) has sexually abused the child, and that a minor relative of the child (J.F. (D.O.B.: XX/XX/XX10)) has sexually abused the child. The father vehemently denies all allegations. The Court has assessed the mother during in person proceedings whereby this Court has had an opportunity to assess her credibility, and also has learned that she violated the Court's September 18, 2023 Order that directed the subject child to sleep at the maternal grandparents' home that night and have no contact with either parent prior to the child's interview with CAC on September 19, 2023. At the Court's September 21, 2023 conference, the Court learned that the mother did not remain separated from the child and was with the child after the Court issued its Order and prior to the child's interview. Accordingly, the Court has concerns that the mother may be falsely reporting and would like CPS to investigate that possibility as well. This Order authorizes access by the Westchester County Department of Social Services to any and all information as provided by law regarding the following individuals: N.G., [redacted], Pelham, New York 10803, [redacted], [redacted]; G.F., [redacted], Pelham, New York 10803, [redacted], [redacted], J.F. (D.O.B. XX/XX/XX10). Please be advised that the next Court appearance is scheduled for Tuesday, September 26, 2023 at 9:30 a.m. in Courtroom 1003. ORDERED that DSS shall appear on the next court appearance to provide a report on the pending CPS investigation regarding the subject child J.F. (DOB: XX/XX/XX19)."
On September 24, 2023, Plaintiff's current counsel filed a Notice of Appearances.
On September 26, 2023, two Orders were entered, being: (1) Order Appointing Neutral Forensic Evaluator Dr. Alan V. Tepp to conduct a forensic evaluation pertaining to the parties and Child; and (2) Decision and Order setting forth temporary custody and access of the Child; directing therapeutic supervised access of the parties with the Child; directing that the [*3]Westchester Department of Social Services shall provide to the Court a status report on the pending Investigation by October 24, 2023; relieving 18-B counsel for Plaintiff; and directing a Status Conference to be held on October 25, 2023, at 9:00 a.m.
On September 29, 2023, an Order was entered permitting the Attorney for the Child to produce documents to Dr. Tepp on notice to counsel.
On October 1, 2023, an Order was entered pertaining to further custody and access directives involving the parties and Child.
A Status Conference was held before the Hon. James L. Hyer, J.S.C., on October 25, 2023, at which time all counsel and parties appeared. Counsel for the Westchester County Department of Social Services appeared and reported that the investigation conducted by the agency included a finding of no misconduct and would be determined to be unfounded as it was the agency's determination that the Child is safe.
On October 25, 2023, following the Conference, the Court entered the following: (1) Decision & Order pertaining to the temporary custody and access of the parties and Child; (2) Order of Vacatur of the September 22, 2023 Order for Recording and Release of Forensic Interview at Children's Advocacy Center and Related Child Protective Services Notes and Records; (3) Order of Vacatur of the September 20, 2023 Temporary Order of Protection in favor of the subject child, J.F. (DOB: XX/XX/XX19) and against Plaintiff; (4) Order of Vacatur of the September 20, 2023 Temporary Order of Protection in favor of the subject child, J.F. (DOB: XX/XX/XX19) and against Defendant; (5) Order of Vacatur of the September 20, 2023 Temporary Order of Protection in favor of the subject child, J.F. (DOB: XX/XX/XX19) and against J.F. (DOB: XX/XX/XX10); and (6) Order of Vacatur of the portion of the October 1, 2023 Order directing supervised visitation with the subject child, J.F. (DOB: XX/XX/XX19).
On November 27, 2023, an Order was entered setting forth a discovery schedule.
On December 21, 2023, Defendant's counsel submitted a letter to the Court requesting an emergency Court Conference noting:
"As the Court will recall, this office represents G.F. I write to the Court now with a heavy heart. I was just made aware that [Plaintiff] once again has fabricated sex abuse allegations against my client and is accusing him of sexually abusing their son. The source of the details of the allegations is based on what the CPS caseworker told my client, but apparently, [Plaintiff] has now alleged that my client ejaculated on their child's chest and choked the child. I am told that the police and CPS were called and that neither of them believe the allegations made by [Plaintiff]. My client is genuinely concerned for the well-being of his child around [Plaintiff]. I am further advised (indirectly as I never spoke with the Child's therapist) that the child's therapist has concerns about [Plaintiff]'s parenting and strongly believes the allegations that are being made are fabricated. I recognize that I am writing this letter to you the day before the break. I note that the child is with my client starting tomorrow for one week. In light of the Holiday break and the fact that I am traveling out of the County, it is requested that the Court schedule an emergency premotion conference on January 2, 2024. Specifically, I am asking permission to make a motion for an updated forensic evaluation of [Plaintiff] based on these new allegations, for supervised visitation for [Plaintiff], and for counsel fees. It is further requested that the Court Order a COI from CPS and direct they be present so that they can update the Court with respect to these new allegations. The Court's attention to this matter is greatly appreciated."
In response to counsel's submission, a Pre-Motion Conference was scheduled to be held on January 2, 2023, at 3:30 p.m.
On January 2, 2024, a Pre-Motion Conference Order was entered wherein all prior Decisions and Orders pertaining to interim custody of the Child were vacated; providing new directives regarding interim custody and access of the Child; directing a second Court ordered investigation to take place; requiring an updated forensic evaluation by Dr. Tepp; directing a custody Trial and Pre-Trial Conference to take place on the dates currently scheduled; directing a status conference to be held on January 26, 2024, at 2:00 p.m. for Child Protective Services to provide a status report; and providing a discovery schedule.
On January 3, 2024, a Pre-Trial Conference Order For Custody Trial was entered directing, inter alia: (1) a Pre-Trial Conference to be held on March 29, 2024, at 2:00 p.m.; and (2) Trial to commence on April 9, 2024 and proceed day-to-day through April 12, 2024, from 9:00 a.m. through 5:00 p.m. each day.
On January 3, 2024, an Order for Investigation was entered providing:
"The above referenced matter is pending before this Court. The Westchester County Department of Social Services is hereby directed to conduct a CPS Investigation concerning allegations that the child was subjected to multiple incidents of sexual assault. Upon information and belief, SCR reports were called in with respect to those allegations. Upon information and belief, there is a current CPS investigation pursuant to possible SCR reports received alleging sexual and physical abuse of the child (J.F. (DOB: XX/XX/XX19)). And that it is the Court's understanding that the mother (N.G.) has made allegations that the father (G.F.) has sexually and physically abused the child. The father vehemently denies all allegations. The Court has assessed the mother during multiple in person proceedings whereby this Court has had an opportunity to assess her credibility. There were earlier report(s) that was(were) investigated by CPS and the Westchester County Department of Social Services, which was(were) deemed unfounded. There was delay in reporting these new alleged incidents to CPS. Accordingly, the Court has concerns that the mother may be falsely reporting and would like CPS to investigate that possibility as well. This Order authorizes access by the Westchester County Department of Social Services to any and all information as provided by law regarding the following individuals: N.G., [redacted], Pelham, New York 10803, [redacted], [redacted]; G.F., [redacted], Pelham, New York 10803, [redacted], [redacted]. Please be advised that the next Court appearance is scheduled for Friday, January 26, 2024, at 2:00 p.m. in Courtroom 1003. ORDERED that DSS shall appear on the next court appearance to provide a report on the pending CPS investigation regarding the subject child J.F. (DOB: XX/XX/XX19)."
On January 4, 2024, an Order was entered reappointing Dr. Tepp to conduct an updated forensic evaluation of the parties and Child.
On January 26, 2024, a Status Conference was held wherein all parties and counsel appeared, along with the Westchester County Attorney's Office. Counsel for the Westchester County Attorney's Office reported that the investigation would be unfounded and provided the following statement to the Court:
"MS. HOLLY YOUNG: So Your Honor, we filed, E-Filed, a lengthy report that included conversations with the child's regular pediatrician, a covering physician, the child's [*4]therapist, the parties. And what is notable is at this point, Judge, there was a simultaneous, because there being three reports being called in, not only was Ms. McLeod, as the MDT worker investigating, in particular, sex abuse allegations, there was a worker in Mount Vernon that was simultaneously investigating. So now what we have in J.F.'s life is five DSS Case Workers over the course of a very short time.
* * *
But there were three reports that had to be investigated. There were two prior reports that had to be investigated. That's five reports with the same or similar allegations. All unfounded. All leading this child to be traumatized. And I'm not saying this to be dramatic, but this is what's happening. My 16 years in this type of job, in my 20 years of practice. Ms. Gray's 20 years plus of experience. Ms. McLeod's 15 years plus of experience. Ms. Pondfield out of Mount Vernon, his 16, almost 17 years of experience at this point. We know it when it happens. We can see it when it happens. We're watching this child get traumatized by this. And it's very concerning, Judge. It's very concerning, the impact that this is going to have on this child. It looks like it was almost pawn shopping with pediatricians. It did not work with this pediatrician, maybe it will work with that pediatrician. We're using mandated reporters for these reports. That could be investigated by the DA's office and charges can be brought by the DA's office, if they find a sufficient basis for false reporting and a harassment claim. A Family offense petition could be brought bringing forth a harassment claim."
On January 26, 2024, the Court entered the following: (1) Decision & Order providing temporary custody of the Child to Defendant subject to supervised access of Plaintiff to be set forth by future Court Order; and (2) Temporary Order of Protection against Plaintiff for the benefit of the Child. On January 29, 2024, a Decision and Order was entered further setting forth additional directives pertaining to interim custody and access of the Child.
Defendant's counsel asserts that referral to the Westchester District Attorneys' Office is appropriate as Plaintiff must be held accountable for making, either directly to Child Protective Services or indirectly to mandated reporters, false accusations of sexual abuse. Defendant's counsel asserts Plaintiff's conduct is violative of New York Penal Law § 240.50 and without the requested referral Plaintiff will continue to make false reports against Defendant to the determinant of the Child.
Defendant's counsel further requests that this Court "so order" the proposed subpoena annexed to Motion Sequence #3 as Exhibit "A". While Defendant's counsel concedes that the information sought is generally confidential, he argues that the relief requested is appropriate pursuant to New York State Social Services Law § 422(5)(b)(i).
The Attorney for the Child submitted an affirmation wherein she asserts that evidence (or lack thereof) acquired during Child Protective Services investigations is protected by New York State Social Services Law § 422(5) permitting unfounded reports to be unsealed in limited circumstances. The Attorney for the Child expressed her support for Defendant's application for the Court to "so order" the proposed subpoena noting her position that Defendant's application for a subpoena of unfounded reports falls within the portion of the Social Services Law permitting release of this information and that such information is relevant and material to the issues before the Court.
Plaintiff's counsel opposes both items of relief requested by Defendant. Plaintiff's counsel [*5]asserts that referral to the Westchester District Attorney's Office would be improper. With respect to the request for the Court to "so order" the proposed subpoena, Plaintiff's counsel offers no legal authority against the request but asserts that in the event that the relief is granted that the materials be provided to both parties and their counsel, as well as the Attorney for the Child.
FINDINGS OF FACT AND CONCLUSIONS OF LAW
The New York State Social Services Law § 422(5)(a) provides:
"Unless an investigation of a report conducted pursuant to this title that is commenced on or before December thirty-first, two thousand twenty-one determines that there is some credible evidence of the alleged abuse or maltreatment or unless an investigation of a report conducted pursuant to this title that is commenced on or after January first, two thousand twenty-two determines that there is a fair preponderance of the evidence that the alleged abuse or maltreatment occurred, all information identifying the subjects of the report and other persons named in the report shall be legally sealed forthwith by the central register and any local child protective services which investigated the report. Such unfounded reports may only be unsealed and made available:
* * *
(iv) to the subject of the report; and. . ."
The New York State Social Services Law § 422(b) provides, in part, that:
". . .Notwithstanding section four hundred fifteen of this title, section one thousand forty-six of the family court act, or, except as set forth herein, any other provision of law to the contrary, an unfounded report shall not be admissible in any judicial or administrative proceeding or action; provided, however, an unfounded report may be introduced into evidence: (i) by the subject of the report where such subject is a respondent in a proceeding under article ten of the family court act or is a plaintiff or petitioner in a civil action or proceeding alleging the false reporting of child abuse or maltreatment;..."
In a matter affirming the Trial Court's determination to permit the use of unfounded Child Protective Services reports to be utilized in the context of a contested child custody action, the Appellate Division Third Department held:
"Petitioner and the Law Guardian next argue that Family Court erred by admitting the testimony of Barnes and the report of the child protective agency. Although unfounded child abuse reports are required to be sealed (see Social Services Law § 422[5]), such reports may be introduced into evidence *767 "by the subject of the report where such subject * * * is a plaintiff or petitioner in a civil action or proceeding alleging the false reporting of child abuse or maltreatment" (Social Services Law § 422[5]). Here, although respondent did not commence the proceeding in the first instance, he did cross-petition for sole custody. In his cross petition, respondent specifically stated that petitioner "bombarded [him] with completely false allegations in criminal and family court of child abuse." Since respondent unequivocally alleged the false reporting of child abuse, and is considered a petitioner with respect to this claim (see Ferguson Elec. Co. v. Kendal at Ithaca, 274 AD2d 890, 892, 711 N.Y.S.2d 246; L & L Painting Co. v. Columbia Sussex Corp., 225 AD2d 670, 670, 639 N.Y.S.2d 491), the admission of the unfounded report is [*6]proper. Likewise, the testimony of Barnes was admissible. See, Youngok Lim v. Sangbom Lyi, 299 AD2d 763, (2d Dept. 2002).
As in Youngok, while Defendant did not commence this action, he is requesting custody of the Child and is claiming that Plaintiff has made or caused to be made numerous investigations by the Child Protective Services of Westchester County by asserting false allegations of child abuse making him an appropriate party to seek and utilize in this action the information sought by the proposed subpoena.
Based upon the foregoing it is the determination of this Court that the Defendant's request for the Court to "so order" the subpoena annexed to Motion Sequence #3 is appropriate as it is supported by well-settled law with the caveat that any information received from the subpoena shall be made accessible to all counsel of record in this action.
NOW, THEREFORE, IT IS HEREBY:
ORDERED that Motion Sequence #3 is granted to the extent that the Court shall "so order" the proposed subpoena annexed to Motion Sequence #3 and that any information obtained by Defendant's counsel shall be served upon Plaintiff's counsel and the Attorney for the Child within twenty-four (24) hours of receipt by e-mail; and it is further
ORDERED that to the extent relief requested has not been granted herein it is denied; and it is further
ORDERED that Defendant's counsel shall serve a copy of this Decision and Order with Notice of Entry and file proof of service by March 15, 2024.
The foregoing constitutes the Decision and Order of the Court.
Dated: March 13, 2024
White Plains, New York
ENTER:
Hon. James L. Hyer, J.S.C.